JOSEPH A. DRAGON *vs.* THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD.

SAME *vs.* THE SCOTTISH UNION AND NATIONAL INSURANCE
COMPANY.

Hampden.    September 20, 1928. — January 3, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Fire: arbitration.    *Mortgage,* Of real estate: arbitration as to insurance.    *Arbitrament and Award.*

Under the terms of a policy of fire insurance in the Massachusetts standard form, which provides that, if the parties fail to agree as to the amount of a loss, it shall be determined by arbitrators to be selected

by "the company and the insured," mortgagees of the insured property, although named in the policy as the persons to whom its proceeds shall be paid, consent that all proceedings as to arbitration may be carried on by the insured in their behalf without notice to or knowledge by them thereof; and proceedings so carried on by the insured bind the mortgagees.

TWO ACTIONS OF CONTRACT OR TORT by one holding a third mortgage upon certain real estate, seeking to recover from insurance companies upon policies of fire insurance upon the real estate. Writs dated June 21, 1927.

The actions were tried together before *Williams*, J. Material facts are stated in the opinion. The judge ordered a verdict for the defendant in each action, and reported the actions for determination by this court.

*W. G. McKechnie*, (*J. B. Cowett* with him,) for the plaintiff.

*H. E. Allen*, (*W. W. Yerrall* with him,) for the defendants.

CARROLL, J. A policy insuring a building against loss by fire was issued by each of the defendants to Julia Zaytowski in the Massachusetts standard form, payable in case of loss first, to the Mechanics Savings Bank, second, to Rosetta C. Griffin, and third, to Joseph A. Dragon, the plaintiff. The policy of The Scottish Union and National Insurance Company was for $7,000 and that of The Automobile Insurance Company of Hartford, Connecticut, was for $5,000. On July 14, 1926, the building was burned. At that time the savings bank held a first mortgage on the premises for $7,000; the Griffin mortgage for $2,700 was a second mortgage; and the plaintiff's third mortgage was in the sum of $2,695, and interest from June 20, 1926. The amount of loss was submitted to arbitrators by written agreement, executed by the insured and the defendants. It was found that the loss was $5,500. This sum was paid to the Mechanics Savings Bank in April, 1927, by the defendants, in proportion to the amounts of their respective policies, a release signed by the insured and the bank being delivered to the defendants. In February, 1927, the second mortgagee had foreclosed, realizing from the sale the full amount of her mortgage. Nothing was paid the plaintiff and there is now due on his mortgage

$2,695 and interest from June 10, 1926.   The plaintiff had no notice of the reference agreement, of the appointment of arbitrators or of the hearing held by them, and did not know of the award until some time after it was made.   "Thereafter, he did not consent to the award nor did he ratify it" but did seasonably file with the defendants a statement of loss and duly requested a reference to arbitration to determine the amount of loss.   There was no question of bad faith on the part of the defendants in failing to send notices of the arbitration or otherwise, and the plaintiff acted in good faith, complied with all of the requirements of the policy and took proper action thereon.   The plaintiff offered evidence that the loss was total and in excess of the plaintiff's mortgage and the prior mortgages.   The report states that the award was lawfully made "aside from the question of notice to the plaintiff mortgagee" and the fact that the award was made without the knowledge, consent or ratification of the plaintiff.   The cases were tried together.   In each case a verdict was ordered for the defendant.   The cases were reported to this court on the stipulation, "If, as a matter of law, the plaintiff should recover the parties agree that he should have judgment against the defendant, The Automobile Insurance Company of Hartford, Connecticut, in the amount of $1,252.03, and against The Scottish Union and National Insurance Company, in the amount of $1,752.87."

The contentions of the plaintiff are that, as the policy was made payable to the mortgagees, "no act or default" of the mortgagor "shall affect such mortgagee's right to recover in case of loss," and as the hearing, appraisal and award of the arbitrators were without notice to him and without his knowledge, consent or ratification, the proceedings before the arbitrators and their award did not bind him.

In the case before us the policies were in the Massachusetts standard form.   By that form of policy it was agreed that in the event of loss or damage under the policy the insured should sign and swear to a statement in writing showing the value of the property, the interest of the insured therein and all other insurance, the purposes for which the property was

used, the time of the fire and the manner in which it originated so far as known to the insured, the statement to "be forthwith rendered to the company." The policy also provided that the company, within fifteen days after such statement is submitted, could notify the insured of its intention to rebuild or repair the premises; and that if the parties failed to agree as to the amount of loss "it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other." By these terms of the contract the insured was to furnish the proofs of loss. On notification to him the company could decide to rebuild and, if the amount of loss was not agreed to, the insured was designated as the one who was to act for all parties interested in the insurance, other than the company, in selecting the arbitrator. As was said in *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, at page 234: "In making the contract the parties seem to have assumed that a mortgagor who obtains insurance payable to a mortgagee is the party ultimately interested, who will rightly represent the property and act for the mortgagee. It therefore provides that he shall make the statement in writing which the insurer needs as information of the loss. . . . The policy therefore provides that the insured, the mortgagor, shall also act in the appointment of arbitrators."

In our opinion all the parties consented that the insured should enter into the arbitration proceedings and that his selection of the arbitrator should be final. As there is no suggestion in the policy that the mortgagees are to be notified of these proceedings, the insured's selection of the arbitrator and the award made are binding on the mortgagee. *Union Institution for Savings* v. *Phoenix Ins. Co., supra. Erie Brewing Co.* v. *Ohio Farmers Ins. Co.* 81 Ohio St. 1. The insured referred to in the policy is the mortgagor. *Turner* v. *Quincy Mutual Fire Ins. Co.* 109 Mass. 568. *Union Institution for Savings* v. *Phoenix Ins. Co., supra,* at page 233. It is agreed that there was no fraud, and the mortgagor complied with all the terms of the policy. In such circumstances the appointment of the arbitrators, the hearing and the

award although made without notice to the mortgagee are binding on him. There is nothing in *Harrington* v. *Fitchburg Mutual Fire Ins. Co.* 124 Mass. 126, in conflict with what is here decided. The adjustment of the loss by the parties or the release of the loss is not involved; the only question is this: Under the express terms of the policy who is authorized to act for the mortgagees and mortgagor in selecting the arbitrators? We think it clear that the mortgagor is given this right; he is the insured, and the one agreed upon who is to act for himself and for the mortgagees. *Erie Brewing Co.* v. *Ohio Farmers Ins. Co., supra.* We consider this question to be settled by *Union Institution for Savings* v. *Phoenix Ins. Co., supra.* In view of this and other of our own decisions it is not necessary to examine the decisions of other states collected in 25 L. R. A. (N. S.) 740, note, and 38 Am. L. R. 388, reaching a more or less different conclusion.

In each case judgment is to be entered on the verdict for the defendant.

*So ordered.*