[Civil No. 3195.   Filed October 3, 1932.]

[14 Pac. (2d) 740.]

E. D. TWAY, Appellant, v. THE O. S. STAPLEY COMPANY, a Corporation, Appellee.

Messrs. Dougherty & Dougherty, for Appellant.

Mr. M. L. Ollerton, for Appellee.

ROSS, J.—This is an action by the O. S. Stapley Company on a contract between defendant Tway and

one John A. Hamilton, under the terms of which Tway agreed to pay plaintiff a certain sum of money owing plaintiff by Hamilton on certain conditions.

Plaintiff recovered judgment, and defendant appeals asserting the conditions of said contract have not been performed by Hamilton.

On July 7, 1930, Hamilton was indebted to plaintiff on a conditional contract of sale of a McCormick-Deering tractor and an International disc harrow in the sum of $679.81. On that day Hamilton bought of defendant a Cletrac tractor under a conditional sales contract, agreeing to pay therefor $3,036.88, payable as follows: In cash $941 and in deferred payments $1,047.94 on January 1, 1931, and a like sum on July 1, 1931. As a matter of fact the first payment of $941 was not paid in cash but was taken care of by the following contract, dated July 7, 1930, between Tway and Hamilton:

"It is hereby understood and agreed that when a sum of money equal to the amount of money which John A. Hamilton now owes the O. S. Stapley Co. upon a McCormick Deering 10–20 Tractor and an International Disc shall have been paid in to E. D. Tway, that the said E. D. Tway agrees to pay said money over to the O. S. Stapley Company in full payment of said indebtedness.

"The said John A. Hamilton agrees that said McCormick Deering Tractor and Disc shall then be turned over to the said E. D. Tway, and the said John A. Hamilton agrees to give E. D. Tway a bill of sale therefor showing same free and clear of incumbrance. E. D. Tway agrees to accept said McCormick Deering Tractor and Disc when fully paid for, and apply the sum of $600.00 upon a contract to purchase a Model 30 Cletrac Tractor, Serial No. B2749, for the sum of $941.00 due August 7th, 1930.

"And the said John A. Hamilton agrees that he will pay the difference between the amount of said contract and the amount allowed for said McCormick

Deering Tractor and Disc in cash on or before August 7th, 1930.

"Signed," etc.

The question raised is as to whether when plaintiff brought this action Hamilton had performed the condition of the contract so as to mature defendant Tway's obligation to pay plaintiff. If he had, it must be conceded that plaintiff is entitled to recover of defendant the amount Hamilton owed plaintiff on July 7, 1930. Between July 7, 1930, and January 5, 1931, and before this action was commenced, Hamilton paid defendant $800 cash—more than enough to cover the $679.81 due from him to plaintiff but not sufficient to cover that sum and the $341 left of the $941 after crediting it with the trade-in value of the McCormick-Deering tractor and the International disc harrow, fixed at $600.

It is the contention of the plaintiff that the contract means that when Hamilton had paid Tway cash enough to cover Hamilton's debt to it, Tway's duty and obligation to plaintiff became fixed; whereas, defendant Tway's contention is that the contract means, when properly construed, that Hamilton must not only pay him enough to cover what he owes plaintiff but also the difference between $941, the first payment on Cletrac tractor, and $600, the agreed trade-in value of the McCormick-Deering tractor and International disc harrow. In accordance with this contention, defendant applied the $800 paid him by Hamilton to the item of $341, balance after crediting the trade-in value of the McCormick-Deering tractor. and International disc harrow, which left in his hands $459 to apply on plaintiff's claim of $679.81. If his contention is in accord with the contract, it is evident plaintiff was not entitled to recover the full amount of his demand.

However, we do not concur in his interpretation of the contract. We think when Hamilton complied

with the first sentence of the contract defendant's obligation to pay to plaintiff Hamilton's debt became fixed. In that sentence defendant agreed that when Hamilton "shall have paid in to E. D. Tway . . . a sum of money equal to the amount of money" owing to plaintiff "to pay *said money* over to the O. S. Stapley Company in full payment of said indebtedness." The $800 paid defendant by Hamilton was a fulfillment of this agreement.

The rest of the contract has to do with his obligation to satisfy the first payment of $941, on the Cletrac tractor, and whether he performed it or not had nothing to do with defendant's duty to pay plaintiff the $679.81 owed it by Hamilton. In other words, there is no intimation in the contract that the whole of the first payment of $941 should be paid before defendant would pay plaintiff. On the contrary, defendant agreed to pay plaintiff what Hamilton owed it when the latter paid defendant on his contract to purchase the Cletrac tractor "a sum of money equal" to such debt.

This interpretation is not only in accordance with the language used in the contract, but is necessary to do equity and justice. Defendant, before this action was brought, demanded and received from Hamilton the McCormick-Deering tractor and the International disc harrow. He took them from Hamilton under the contract, according to which he had to accept them only "when fully paid for" by Hamilton. Such taking was, we think, an acknowledgment that they had been fully paid for by Hamilton. Of course defendant knew when he took them that there was a balance due thereon from Hamilton to plaintiff which he had agreed to pay, and that unless he did so plaintiff could, and in all probability would, recover them, or their value, from defendant. We think defendant's conduct was an admission that

Hamilton had performed the conditions precedent to defendant's liability to plaintiff.

We agree with the rule which defendant cites from 6 Ruling Case Law 886, section 273, as follows:

"Necessarily the rights of a party for whose benefit a promise is made must be measured by the terms of the agreement between the principal parties, and the right to recover from the promisor is not absolute in all cases. The beneficiary is in fact asserting a derivative right. Therefore, among other limitations, the party to be benefited takes subject to all inherent equities arising out of the contract, as affecting the principal parties."

We think the judgment is within this rule. It is therefore affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.