494 P.2d 1334

**Marie JEANES, Appellant,**

v.

**ARROW INSURANCE COMPANY, and Gus Thomas and Clara L. Thomas, husband and wife, Appellees.**

**No. I CA–CIV 1462.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 27, 1972.

Review Denied June 13, 1972.

Robert J. Spillman, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Thomas A. McGuire, Jr., Phoenix, for appellees.

HAIRE, Chief Judge.

The sole issue raised in this appeal concerns the enforceability of an arbitration provision in an uninsured motorist endorsement when the claimant-insured is a person other than the named insured under the policy.

The appellant, Marie Jeanes, sustained personal injuries when the vehicle in which she was riding as a passenger collided with an automobile driven by Juan Munoz, an uninsured driver. The vehicle in which she was riding was owned by Gus and Clara Thomas, and was being operated by Clara Thomas at the time of the accident. The Thomases had in effect at the time of the accident an automobile liability insurance policy with the Arrow Insurance Company. This policy included uninsured motorist coverage and provided for the submission of such claims to arbitration.[1] The appel-

---

1. Paragraph 5 of the policy reads in part as follows:

    "5. Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then each party shall upon written demand of either, select a competent and disinterested arbitrator."

lant brought an action against Munoz and the Thomases in Superior Court for claims arising out of the accident. She then requested that Arrow Insurance Company waive the arbitration requirement included in the uninsured motorist coverage and become bound by the determination of the Superior Court. Arrow declined and appellant brought a declaratory judgment action to establish her right to proceed in Superior Court against Arrow on her claim under the uninsured motorist endorsement. Arrow counterclaimed for an order compelling appellant to submit to arbitration. On cross-motions for summary judgment the court gave judgment to Arrow. This appeal followed.

On appeal, appellant contends that the failure of the legislature to provide for arbitration in the uninsured motorist statute precludes the inclusion of an arbitration provision in the policy. Under Arizona law every motor vehicle liability policy issued in this state must contain uninsured motorist coverage. A.R.S. § 20–259.01.[2] The statute allows the named insured to reject such coverage, but only after the provision has been called to his attention. The existence of this right to reject does not, however, allow the insurance company to in any way decrease the amount of coverage required by A.R.S. § 20–259.01. Bacchus v. Farmers Insurance Group Exchange, 106 Ariz. 280, 475 P.2d 264 (1970).

Provisions relating to uninsured motorist coverage arbitration clauses have been in existence for a sufficient length of time so that there are now numerous cases construing that coverage in many jurisdictions. Many of these cases compel arbitration under the uninsured motorist provisions of insurance policies. See Van Horn v. State Farm Mutual Automobile Insurance Co., 391 F.2d 910 (6th Cir. 1968); Miller v. Allstate Insurance Company, 238 F.Supp. 565 (W.D.Pa.1965); Norton v. Allstate Insurance Co., 226 F.Supp. 373 (E.D.Mich. 1964); Bohlmann v. Allstate Insurance Company, 171 So.2d 23 (Fla.Ct.App.1965); Liberty Mutual Fire Insurance Co. v. Loring, 91 Ill.App.2d 372, 235 N.E.2d 418 (1968); Stagray v. Detroit Automobile Inter-Insurance Exch., 1 Mich.App. 321, 136 N.W.2d 51 (1965); Frager v. Pennsylvania General Insurance Company, 155 Conn. 270, 231 A.2d 531 (1967). There are at least an equal number of cases refusing to compel arbitration under the uninsured motorist arbitration clause. These cases are of little help in determining the path which Arizona law must take because of the great disparity between the common law and statutes of the various states with regard to arbitration. The majority of those cases cited above come from states which have enacted the Uniform Arbitration Act, which has also been enacted in Arizona. The statutes and common law of the various states range from California (California Insurance

2. A.R.S. § 20–259.01 reads as follows:
"On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28–1142, under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sick-

ness or disease, including death, resulting therefrom. This coverage shall at the time the policy is issued be called to the attention of the named insured who shall have the right to reject such coverage. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer. For the purposes of the coverage provided for pursuant to this section, 'uninsured motor vehicles', subject to the terms and conditions of such coverage, includes any insured motor vehicle where the liability insurer thereof is unable to make payment on the liability of its insured, within the limits of the coverage, because of insolvency."

Code, § 11580.2) and Oregon (Oregon Insurance Code, § 743.792(1) (a)) which provide for binding arbitration in all uninsured motorist cases, to states where arbitration is forbidden. Another group of jurisdictions allows arbitration of present and existing disputes, but refuses to compel arbitration of future disputes.

■ Our uninsured motorist provision, A.R.S. § 20–259.01, does not purport to regulate in any way the procedure to be utilized by the insured in realizing the benefits afforded to him under the uninsured motorist coverage. We do not interpret this failure to expressly authorize arbitration as being an indication of a legislative intent to prohibit arbitration. Rather, a more logical explanation is that the failure of the legislature to allude to procedural remedies indicates a legislative intent not to interfere with the remedies which were otherwise available to the parties under existing law. While agreements to arbitrate disputes were looked upon with disfavor at common law, the public policy of the State of Arizona favors arbitration as a means of disposing of controveries. *See* New Pueblo Construction, Inc. v. Lake Patagonia Recreation Association, 12 Ariz. App. 13, 467 P.2d 88 (1970); Bolo Corporation v. Homes & Sons Construction Co., 105 Ariz. 343, 464 P.2d 788 (1970). Arizona has adopted the Uniform Arbitration Act. A.R.S. § 12–1501 of that act provides as follows:

"A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

None of the statutory exceptions are claimed to be applicable here, nor is any claim made that the issues involved are outside of the scope of the arbitration provision.

In Bacchus v. Farmers Insurance Group Exchange, *supra,* the Arizona Supreme Court had before it the question of the correctness of an arbitration award relating to benefits available under the uninsured motorist provision of the insured's policy. Under the particular facts of that case, the Court found that in making his award the arbitrator had incorrectly deducted certain medical payments so as to reduce the uninsured motorist coverage below the statutorily mandated minimum, and therefore reversed the matter for further proceedings. However, the Court did not evince any concern as to the inclusion or enforceability of the provision for arbitration of the parties' rights under the uninsured motorist coverage. In State Farm Fire & Casualty Company v. Rossini, 14 Ariz.App. 235, 482 P.2d 484 (1971), after finding that a release executed by the insured was not binding, Division 2 of this Court held that an insurance policy requirement for arbitration of certain issues relating to uninsured motorist coverage was enforceable. Upon review the Arizona Supreme Court found that the release given by the insured was binding, and that the insurer had no further liability under the uninsured motorist provision. Therefore the question of the validity of the arbitration provision was not reached by the Arizona Supreme Court. State Farm Fire & Casualty Company v. Rossini, 107 Ariz. 561, 490 P.2d 567 (1971).

A further illustration that Arizona public policy favors arbitration of disputes is found in the recent passage by the legislature of A.R.S. § 12–133, which under certain circumstances requires arbitration of claims of $3,000 or less, including claims arising out of motor vehicle accidents.

■ In view of the public policy of this state as revealed by its statutes and prior judicial decisions, it is our opinion that the policy provision requiring arbitration of claims arising under the uninsured motorist coverage provision is valid and enforceable. We are not impressed with the many questions posed by appellant which concern situ-

ations that conceivably might arise in the arbitration proceedings or in litigation involving appellant's rights against parties other than the uninsured driver. Suffice it to say that the courts will determine the answers to these questions when and if they arise.

 One further contention raised by appellant is that our arbitration statute, A.R.S. § 12–1501, cannot apply to this arbitration agreement because Mrs. Jeanes was not a party thereto and thus never agreed to submit to arbitration. We do not agree. Compliance with the Uniform Arbitration Act was satisfied by the voluntary agreement between Arrow and its insureds, the Thomases. Mrs. Jeanes has become a third party beneficiary of the contract. The rights here involved were created by that contract, and in order to accept benefits under that contract she must accept and abide by the terms of the contract. *See* Tway v. O. S. Stapley Company, 40 Ariz. 541, 14 P.2d 740 (1932); Stephens v. Great Southern Savings & Loan Association, 421 S.W.2d 332 (Mo.Ct.App.1967).

The judgment is affirmed.

EUBANK and JACOBSON, JJ., concur.