492 A.2d 319

DISTRICT MOVING & STORAGE CO., INC.

v.

GARDINER & GARDINER, INC.

DISTRICT MOVING & STORAGE CO., INC.

v.

FEDCO SYSTEMS, INC.

Nos. 1054, 1055, Sept. Term, 1984.

Court of Special Appeals of Maryland.

May 10, 1985.

Browne L. Kooken, Upper Marlboro, for appellant.

Gail A. Nettleton, Washington, D.C. (Sadur & Pelland, Washington, D.C., on brief) for appellee, Gardiner & Gardiner, Inc.

Steven M. Levine, Washington, D.C. (Paul T. Cuzmanes and Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, D.C., on brief) for appellee, Fedco Systems, Inc.

Argued before MOYLAN, BLOOM and GETTY, JJ.

BLOOM, Judge.

This consolidated appeal arises from the entry of two orders by the Circuit Court for Prince George's County (Taylor, J.), each compelling appellant, District Moving & Storage Co., Inc., to arbitrate claims it had asserted against the appellees, Gardiner & Gardiner, Inc., and Fedco Systems, Inc., respectively. As we agree with Judge Taylor's decision that arbitration was proper under the circumstances, we shall affirm.

In September of 1979, Hilliard & Bartko Joint Venture (HBJV) entered into a contract with appellee Fedco, a firm of architects, to design a storage warehouse to be located in Forestville, Maryland. American Institute of Architects (AIA) Standard Form of Agreement Between Owner and Architect (AIA Document B141) was signed by both parties. Later that year, HBJV contracted with appellee Gardiner & Gardiner to erect the structure and to function as general contractor. An AIA Standard Form Agreement Between Owner and Contractor (AIA Document A101) evidenced the agreement of the parties. At the time the contracts were executed, both Gardiner & Gardiner and Fedco were aware that HBJV planned to lease the structure to appellant and that appellant planned to utilize the building as its primary warehouse.

Both contracts contained binding arbitration clauses. The contract between HBJV and Fedco contains the following language:

11.1 All claims, disputes and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration, arising out of, or relating to this Agreement, shall include, by consolida-

tion, joinder or in any other manner, any additional party not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by all the parties hereto. Any consent to arbitration involving an additional party or parties shall not constitute consent to arbitration of any dispute not described therein or with any party not named or described therein. This Agreement to arbitrate and any agreement to arbitrate with an additional party or parties duly consented to by the parties hereto shall be specifically enforceable under the prevailing arbitration law.

The contract between HBJV and Gardiner & Gardiner states:

7.9.1 All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, except as provided in Subparagraph 2.2.11 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.9.4 and 9.9.5, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.

\* \* \* \* \* \*

No arbitration shall include by consolidation, joinder or in any other manner, parties other than the Owner, the Contractor and any other persons substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration. No person other than the Owner or Contractor shall be included as an original third party or additional third party to an arbitration whose interest or responsibility is insubstantial. Any consent to arbitration involving an additional person or persons shall not constitute consent

to arbitration of any dispute not described therein or with any person not named or described therein.

In March of 1983 HBJV and appellant filed suit in the Circuit Court for Prince George's County against both appellees and several other parties who had been involved in the construction of the warehouse. The suit alleged breach of contract and negligence by both the architect and the contractor.

As initial responses to the declaration, both Fedco and Gardiner & Gardiner filed petitions in equity to compel arbitration as to HBJV only, while demurring to appellant's claims. In their demurrers, both Fedco and Gardiner & Gardiner took the position that since appellant had not been a signatory to either contract there was no contract with it that could be breached, nor was there any relationship between the parties giving rise to a duty owed by either the architect or the contractor to appellant. These demurrers were sustained with leave to amend.

The petitions to compel arbitration as to HBJV, on the other hand, were granted on August 26, 1983. All claims asserted by HBJV against Fedco and Gardiner & Gardiner in the law action were stayed and were to be submitted to arbitration.

Appellant then filed an amended declaration alleging for the first time its status as a third party beneficiary. Demurrers to this amended declaration by Fedco and Gardiner & Gardiner claimed that District had failed to state a cause of action in either contract or tort. Both appellees also maintained in their respective demurreres that, if appellant had any claim against either of them under their respective contracts with HBJV, it should be bound by the arbitration clauses found in both of those contracts. Both demurrers were sustained with leave to amend.

A second amended declaration was then filed by appellant, reasserting its rights as a third party beneficiary under the contracts between HBJV and Fedco and HBJV

and Gardiner & Gardiner. Demurrers thereto were overruled in March of 1984.

Both Fedco and Gardiner & Gardiner then filed petitions in equity for orders compelling appellant to arbitrate the matters it had raised in its second amended declaration. An order was issued requiring appellant to show cause why the motions to compel arbitration should not be granted.

A hearing was held before Judge Taylor on April 24, 1984. The judge granted both motions to compel arbitration and noted: "All of the parties were apparently aware that it [the warehouse] was specifically designed and to be built to accommodate that company [District]. And if District is going to seek to claim the benefit because of its indirect relationship, then it would have to suffer the obligation of the contract as a consequence to its indirect relationship."

Appeals to this court were timely noted. The following issues are raised by appellant:

I. Did the trial court err in compelling the appellant to arbitrate its claims pending in its law suit and in staying its prosecution of those claims, where the appellant was not a party that had signed the arbitration agreement but was a third party beneficiary of the contract?

II. Did the trial court err in failing to find that appellees had waived their rights to assert the arbitration provisions when they had demurred to two prior declarations filed in a law action?

We shall answer "no" to both questions and affirm.

I

■ Appellant contends initially that Judge Taylor erred in his decision to compel it to arbitrate those claims it had asserted against both Fedco and Gardiner & Gardiner. More specifically, appellant maintains that although it was a third party beneficiary of the contracts between HBJV

and Fedco and HBJV and Gardiner & Gardiner it should not be bound by the arbitration clauses, because it was not a signatory to the contract.

Initially, we note that all parties and Judge Taylor concurred that appellant was in fact a third party beneficiary of the two disputed contracts. Appellant appears to fall within the definition of creditor beneficiary as explicated in the *Restatement of Contracts* § 133(1)(b). One is a creditor beneficiary when "performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary ...," *Weems v. Nanticoke Homes, Inc.*, 37 Md.App. 544, 552, 378 A.2d 190 (1977), quoting from the *Restatement of Contracts* § 133. In the case *sub judice*, HBJV, as promisee, allegedly had a contractual duty, under an agreement for a long term lease, to provide appellant with a storage warehouse facility. That would put appellant squarely within the definition of creditor third party beneficiary. The circumstances surrounding the signing of both contracts also support this conclusion. *See Hamilton & Spiegel, Inc. v. Bd. of Ed. of Montgomery Co.*, 233 Md. 196, 195 A.2d 710 (1963).

The substantive issue before us, whether a third party beneficiary should be bound by a contract arbitration clause, appears to be a matter of first impression in this state. Although Maryland has adopted in part the Uniform Arbitration Act, *see* Md.Cts. & Jud.Proc.Code Ann. § 3–201–234, the Act does not address specifically the rights or duties of third party beneficiaries to contracts containing arbitration clauses.

In his treatise on contracts, Professor Williston addresses the very issue presented by this appeal. He explicates the rule as follows: "Where the contract contains an arbitration clause which is legally enforceable, the general view is that the beneficiary is bound thereby to the same extent that the

promisee is bound." *Williston on Contracts*, § 364A (3rd ed.1957) (footnote omitted). We find this approach, which is supported by some case law,[1] to be entirely logical, and we are persuaded that it is the correct view.

The case of *Jeanes v. Arrow Insurance Company*, 16 Ariz.App. 589, 494 P.2d 1334 (1972), presents a strikingly similar fact pattern to the case at bar. In *Jeanes*, appellant was a passenger in a car being driven by Mrs. Thomas, which collided with a car being driven by Juan Munoz. Munoz was an uninsured motorist; Mr. and Mrs. Thomas were insured by Arrow Insurance Company.

Mrs. Jeanes sued Munoz and the Thomases for injuries she sustained in the accident. The Thomases' policy with Arrow contained a provision which required claims arising under the uninsured motorist clause to be submitted to arbitration. Accordingly, Arrow counterclaimed, requesting an order to compel Mrs. Jeanes to submit to arbitration although she was a third party beneficiary and not a contract signatory.

On appeal, the Court of Appeals of Arizona concluded that Mrs. Jeanes was indeed required to submit to arbitration. The court reasoned that

> [t]he Uniform Arbitration Act was satisfied by the voluntary agreement between Arrow and its insured, the Thomases. Mrs. Jeanes has become a third party beneficiary of the contract. The rights here involved were created by that contract, and in order to accept benefits

---

1. *Dragon v. Automobile Ins. Co. of Hartford,* 265 Mass. 440, 164 N.E. 383 (1929), cited by Williston, is somewhat analogous. In *Dragon,* arbitration commenced pursuant to contract between a mortgagor/insured and insurance company to determine the amount of damage sustained by the insured when a household fire broke out. The mortgagee was not made a party to the arbitration or even notified of the proceedings. Nonetheless, the mortgagee, a third party beneficiary, was held to be bound by the determination of loss at arbitration. *Contra,* however, is *Beaver Falls Bldg. & Loan Ass'n v. Allemania Fire Ins. Co. of Pittsburg,* 305 Pa. 290, 157 A. 616 (Pa.1931).

under that contract she must accept and abide by the terms of the contract.

494 P.2d at 1337 (citations omitted).

In the case *sub judice,* appellant seeks to sue both Fedco and Gardiner & Gardiner for faulty workmanship and failure to comport with contract specifications. We agree with the logic of the court in *Jeanes* and hold that District should not be allowed to sue for breach of the contracts between HBJV and Fedco and HBJV and Gardiner & Gardiner and thus benefit from those agreements without equally being made to abide by the terms of the contracts compelling arbitration of disputes arising therefrom.

*Shillman v. Hobstetter,* 249 Md. 678, 241 A.2d 570 (1968), also supports our decision. In *Shillman,* at 690, 241 A.2d 570, the Court of Appeals explained that "a third party beneficiary takes subject to the same defenses against the enforcement of the contract, as such, as exist between the original promisor and promisee." Thus, in a situation where a third party beneficiary sues a promisor, the promisor may utilize precisely the same defenses available against the promisee, no more, no less. Analogously, where a third party beneficiary attempts to sue a promiser, that promisor may apply the contract provisions against the third party beneficiary in the same manner available against the original promisee. As Fedco and Gardiner & Gardiner were successful in compelling arbitration as to HBJV, the promisee, their attempts to compel arbitration as to appellant should be similarly treated.

In concluding, we note that appellant places no reliance upon the contract language found in the agreement between HBJV and Fedco to the effect that "[n]o arbitration arising out of, or relating to this Agreement, shall include, by consolidation, joinder or in any other manner, any additional party not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by the parties hereto."

We attach no significance to that language under the circumstances in this case. Only the parties to that agreement, HBJV and Fedco, have a right to object to a stranger or third party involving himself in the arbitration process. Since Fedco moved to compel arbitration as to HBJV and appellant to resolve any dispute, it has clearly waived that clause, and appellant may not claim to be a stranger to the contract and at the same time rely on contract language applicable only to parties to the contract.

## II

Appellant also contends that both appellees waived their respective rights to compel arbitration against appellant by their actions in filing demurrers to appellant's declaration, amended declaration, and second amended declaration. Basically, appellant asserts that the appellees, in the filing of their demurrers, sufficiently embroiled themselves in the law action by admitting the facts of the declaration as true, and that these actions effectively precluded appellees from subsequently bringing motions to compel arbitration.

The recent decision in *Charles J. Frank, Inc. v. Assoc. Jewish Charities*, 294 Md. 443, 450 A.2d 1304 (1982), is dispositive of appellant's claim. *Frank* involved a situation where a contractor participated in a suit instituted by a subcontractor as a party in an issue which was arbitrable under the contract between the contractor and the owner. The contractor, after receiving a final judgment in a suit with the subcontractor, attempted to compel arbitration with the owner as to issues unrelated to those decided in the first suit. The Court determined that the contractor's actions constituted a waiver, but *only as to those issues actually decided* in the initial suit.

The holding of *Frank* is that "waiver of the right to arbitrate cannot be inferred in the absence of a clear expression of intent...." 294 Md. at 454, 450 A.2d 1304. In the case before us, no such clear expression of intent to

waive arbitration was manifested by Fedco or Gardiner & Gardiner. As soon as District's claims concerning its rights as a third party beneficiary were alleged in their first amended declaration, both appellees' memoranda in support of their demurrers to that first amended declaration asserted that appellant should be bound by the arbitration clauses contained in the disputed contracts. Appellees maintained the same position in all subsequent pleadings, until their petitions to compel arbitration were granted.

Since there was no clear expression by Fedco or Gardiner & Gardiner to waive arbitration and no final judgment was rendered in the law suit between appellant and appellees, we do not find that the appellees waived their right to compel arbitration. *Frank, supra. See also, Gold Coast Mall v. Larmar Corp.,* 298 Md. 96, 468 A.2d 91 (1983).

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.