## KMART CORPORATION, Plaintiff
## v.
## BALFOUR BEATTY, INC., BALFOUR BEATTY CONSTRUCTION, INC., BENTLEY ENGINEERS & ARCHITECTS, INC., BENTLEY ARCHITECTS & ENGINEERS, INC., WILLIAM BENTLEY, UNIVERSAL STEEL, INC., DIGIACOMO CONSTRUCTION CO., INC., FALCON MECHANICAL, INC., THOMAS-FMI MECHANICAL, INC., GRAMLICH & ASSOC., P.A., and AAON, INC., Defendants

Civ. No. 1997-144

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 4, 1998

THOMAS H. HART, III, ESQ., (Alkon, Rhea, & Hart), *for Plaintiff*

MATTHEW DUENSING, ESQ., (D'Amour, Jones,rker & Duensing, *for Defendants Balfour Beatty, Inc., Balfour Beatty Construction, Inc., Bentley Architects & Engineers, Inc., Bentley Engineers & Architects, Inc., and William Bentley*

W. JOHN AMERLING, ESQ., (Sanford, Amerling & Assoc.), *for Defendants Bentley Engineers & Architects, Inc., Bentley Architects & Engineers, Inc., and William Bentley*

FREDERICK G. WATTS, ESQ., (Watts & Benham, P.C.), *for Defendant Universal Steel, Inc.*

DOUGLAS L. CAPDEVILLE, ESQ., (Law Office of Douglas L. Capdeville), *for Defendants Fred McGilvray, Inc., Falcon Mechanical, Inc., and Thomas-FMI Mechanical, Inc.*

RICHARD H. HUNTER, ESQ., (Hunter, Colianni, Cole & Turner), *for Defendant AAON, Inc.*

MOORE, *Chief Judge*

## MEMORANDUM

This matter is before the Court on motion of defendant Balfour Beatty Incorporated ["BBI"] to dismiss on the basis that plaintiff, KMART Corporation ["KMART"] is not an intended third-party beneficiary of a construction contract ["contract"] between BBI and the plaintiff's landlord, Tutu Park Ltd. ["TPL"]. In the event this Court denies the motion and holds that plaintiff is a third-party beneficiary of the contract, BBI has requested that the action be stayed pending enforcement of the contract's arbitration clause. The Court has diversity jurisdiction in this case pursuant to § 22 Revised Organic Act of 1954, 48 U.S.C. § 1612, and 28 U.S.C. § 1332.

## I. Facts

In January of 1992, BBI entered into a contract with TPL for the design and construction of a shopping center in St. Thomas. In September of 1995, the roof of the shopping center was damaged by the winds accompanying Hurricane Marilyn.

KMART Corporation was one of the tenants of the shopping center. Contending that it is a third-party beneficiary of the construction contract, plaintiff instituted this action in August, 1997, alleging breach of contract and negligence.

For its part, KMART points out that a number of provisions in the relevant documents indicate that the parties intended to convey a benefit to KMART. The specifications for the construction as described in defendant Bentley Engineers & Architects documentation ["Bentley Specifications"] call for the construction

252

schedules to comply with KMART's requirements. (Bentley Specifications, P1.04A3). The drawings made in the design phase of performance were to be submitted to KMART. (Id. P1.04A4.) Warranties of work performed by defendant and its subcontractors were to be executed in KMART's favor and submitted directly to KMART. (Id. P2.01B.)

## II. Application of Law and Fact

■ BBI asserts that, because it is not a party to the construction contract, KMART may not claim relief under the agreement and moves to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). In considering such a motion, the Court is constrained to view all factual allegations in KMART's amended complaint as true and to give it the benefit of every reasonable inference. Kelly v. Borough of Sayreville, New Jersey, 107 F.3d 1073, 1075 (3d Cir. 1997), citing Schrob v. Catterson, 948 F.2d 1402, 1408 (3d Cir. 1991). BBI further prays that, if the Court should find KMART to be a party to the contract, the instant litigation should be stayed pending arbitration as mandated in the contract. The Court will address each of defendant's motions in turn.

In sum, the Court finds that KMART is indeed a third-party beneficiary to the contract and that, as such, KMART is bound by the contract's terms to submit its claims to arbitration.

### A. KMART's Standing As A Third-Party Beneficiary

Section 302 of the RESTATEMENT (SECOND) OF CONTRACTS ["Restatement"] provides a blueprint for determining whether or not a party is an intended third-party beneficiary.[1]

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties[2] and either:

---

[1] Absent local law to the contrary, the Restatements of Law will control. V.I. CODE ANN. tit. 1 § 4 (1994).

[2] The Restatement (Second) abandons the familiar dichotomy of donee and creditor beneficiary used in the earlier Restatement because, according to the commentary the terms, "carry overtones of obsolete doctrinal difficulties." RESTATEMENT (SECOND) OF CONTRACTS, CH. 14 Introductory Note (1981). Any beneficiary that acquires rights under

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

An intended beneficiary acquires a right under the contract. *Id.* § 304 ("A promise in a contract creates a duty in the promisor to any intended beneficiary to perform the promise, and the intended beneficiary may enforce the duty."). An incidental beneficiary does not. *Id.* § 315 ("An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee."). Promises to render performances other than the payment of money require some expression of an intent by the parties to give the benefit of performance to the beneficiary. *Id.* § 304 cmt. c.[3]

In a 1985 case construing the RESTATEMENT (FIRST) OF CONTRACTS, a Maryland court found that "one is an [intended] beneficiary when 'performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary.'"[4] *District Moving & Storage Co., Inc. v. Gardiner & Gardiner, Inc.,* 63 Md. App. 96, 492 A.2d 319, 322 (Md. Ct. Spec. App. 1985) *citing Weems v. Nanticoke Homes, Inc.,* 37 Md. App. 544, 378 A.2d 190 (Md. Ct. Spec. App. 1977). In *District Moving,* the landlord owed a contractual duty under a lease to provide the putative third-party beneficiary with a building. Just as the Maryland court had no difficulty finding the tenant was a third-party beneficiary to the construction contract, so

a contract, whether a donee or creditor beneficiary according to the first Restatement, is an intended beneficiary according to the Restatement (Second).

[3] In the older cases involving construction contracts, courts generally denied recovery. *See,* E. ALLEN FARNSWORTH, CONTRACTS § 10.4 at 756-57 (2d ed. 1990). However, the modern trend seems to countenance expanded recognition of third-party beneficiary status. Id. Such appears to be the case in this circuit. *See e.g., Pierce Assoc. v. Nemours Foundation,* 865 F.2d 530 (3d Cir. 1989) (applying Deleware law).

[4] As previously noted, the Restatement (Second) which controls in this case has abandoned the concept of creditor and donee beneficiaries in favor of intended third-party beneficiary. *See n.2, supra.*

254

does this Court find that KMART was a third-party beneficiary of the construction contract between BBI and TPL. The contractual duty of performance owed by BBI to its promisee, TPL, would satisfied TPL's duty to it's beneficiary, KMART. KMART, then, is a third party beneficiary to the construction contract between BBI and TPL.

Continuing to bear in mind the requirement to construe factual issues in favor of the non-movant, the language of the contract at issue here also conveys an intent among the contracting parties to bestow a benefit upon KMART. The contract's specifications call for construction schedules to comport with KMART's requirements. The drawings to be used were to be submitted to KMART and all warranties were to be executed in KMART's favor. All of these facts support a conclusion that BBI and TPL entered into the construction contract to erect a building for the benefit of KMART.

BBI asserts that the following contract provision specifically excludes KMART as a third-party beneficiary:

> 2.2.9 The Design/Builder warrants *to the Owner*. . . that the Work will be of good quality, free from faults and defects, and in conformance with the Contract Documents. (emphasis added).

The contract defines "owner" as TPL. Even if this paragraph could be read as BBI urges, the inclusion of provisions in the contract specifications contemplating KMART's active participation in design and construction of the building creates an ambiguity which, at this stage of the litigation, must be resolved in the plaintiff's favor.

Other common law courts have applied different standards, principally two, to determine whether or not the parties to a contract intended to benefit one claiming third-party beneficiary status. Some attempt to determine if the performance of the contract runs to the putative third-party beneficiary. (*See* John D. Calamari and Joseph M. Perillo, Contracts, § 17.3 at 695 (3d ed. 1987).) Others, and the increasingly more modern view, hold that it is enough that the promisor (here, BBI) understood that the promisee had an intent to benefit the third party (here, KMART). (*See id*. at 696, *citing Lucas v. Hamm*, 56 Cal. 2d 583, 364 P.2d 685, 689, 15 Cal. Rptr. 821 (Cal. 1961).)

255

Under either formulation, the result is the same. Given the lease plaintiff had with TPL, and the extensive involvement of KMART in the specifications for the construction of the space, there is little question but that the performance in this case, construction of the building, ran directly to the benefit of the plaintiff. The promisor, BBI, clearly had notice that its promisee, TPL, had an intent to benefit KMART.

For all these reasons the Court concludes that KMART is an intended third-party beneficiary to the BBI-TPL contract. KMART can enforce such rights as it may have under that contract per Restatement § 304.

*B. BBI's Motion For Stay To Enforce Arbitration*

The Court can quickly dispense with the defendant's motion for stay to enforce arbitration. Here, BBI is on solid ground.

As BBI points out in its reply memorandum, the very case KMART, and ultimately, this Court, relies upon as authority that it is entitled to third party beneficiary status held that the third-party beneficiary was bound by the contract's arbitration clause.[5] Then too, defendant reminds the Court of its dictum that a "third-party beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract; the third-party beneficiary assumes the legal obligations as well as the rights of its promisee." *American Fidelity Fire Insurance Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164, 182 (D.C.V.I. 1975). Although American Fidelity did not involve a construction contract, the principle of that case still holds. The third-party beneficiary may not selectively participate in the contract, rather it must accept the contract as a whole. Where, as here, a contract requires all disputes to be submitted to arbitration,[6] courts have held that non-signatories claiming third-party beneficiary status under the contract are bound by the

---

[5] District Moving & Storage Co., Inc. v. Gardiner & Gardiner, Inc., 63 Md. App. 96, 492 A.2d 319 (Md. Ct. Spec. App. 1985).

[6] With regard to the arbitration clause, the relevant portions of the contract provide as follows:

10.1 If any dispute shall arise between the parties in connection with the Agreement, the parties shall meet promptly in good faith effort [to] resolve the dispute extrajudicially . . . .

arbitration provisions of such contracts. *See Ripmaster v. Toyoda Gosei Co., Ltd.*, 824 F. Supp. 116, 118 (E.D. Mich. 1993), *citing Interpool Ltd. v. Through Transport Mutual Ins. Assoc. Ltd.*, 635 F. Supp. 1503, 1505 (S.D. Fla. 1985).

■ Federal law mandates that this Court stay the instant proceeding upon a finding that an arbitration clause is binding upon the parties. 9 U.S.C § 3. The Court holds that the contract at issue in this motion contains an arbitration clause sufficient to require the submission of the plaintiff's dispute to arbitration. An appropriate order shall issue.

ENTERED this 4th day of February, 1998.

## ORDER

For the reasons set forth in the accompanying memorandum it is hereby

ORDERED that defendant Balfour Beatty Construction's motion to dismiss the complaint of plaintiff KMART Corp. be, and the same is hereby, DENIED. And it is further

ORDERED that all parties to the Balfour Beatty-Tutu Park Ltd. construction contract shall forthwith submit to arbitration as required under the contract. And it is further

ORDERED that this suit is STAYED pending the outcome of arbitration.

ENTERED this 4th day of February, 1998.

---

10.2 In the event that the dispute cannot be settled amicably in accordance with Article 10.1 then subject to the provision of this Article either party shall upon written notice to the other be entitled to submit such dispute to arbitration . . . this provision shall be specifically enforceable in any court of competent jurisdiction.