# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### HEARD AT CHARLOTTE[1]
April 8, 2004 Session

## LARRY EUGENE BENTON v. THE VANDERBILT UNIVERSITY

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 99C-1906    Carol L. Soloman, Judge**

---

**No. M2002-00085-SC-R11-CV - Filed June 28, 2004**

---

We granted this appeal to determine whether a third-party beneficiary who seeks to enforce a contract between a hospital and an insurance carrier may be bound by an arbitration provision in the contract. The trial court denied the hospital's motion to compel arbitration, finding that the third-party beneficiary was not a party to the contract between the hospital and the insurance carrier. The Court of Appeals reversed, concluding that the arbitration provision could be enforced against the third- party beneficiary in this case. After reviewing the record and authority, we conclude that an arbitration provision in a contract is enforceable against a third-party beneficiary who has filed a cause of action seeking to enforce the contract.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined. ADOLPHO A. BIRCH, JR., J., filed a dissenting opinion.

Earle J. Schwarz and Ashlee B. Ellis, Memphis, Tennessee, and Phillip L. Davidson, Nashville, Tennessee, for the Appellant, Larry Eugene Benton.

Robert J. Walker, John S. Bryant, and Clisby Hall Barrow, Nashville, Tennessee, for the Appellee, The Vanderbilt University.

---

[1] Oral argument was heard in this case on April 8, 2004, in Charlotte, Dickson County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

**OPINION**

**Background**

On December 13, 1998, the appellant, Larry Eugene Benton ("Benton"), was a passenger in a car driven by William Hays that was struck by a car driven by Zella Lynn ("Lynn") on Highway 55 in Coffee County, Tennessee. Benton was injured in the accident and was hospitalized for five days at The Vanderbilt University Medical Center ("Vanderbilt"). He was released from the hospital on December 18, 1998, after incurring hospital expenses of $31,504.84.

At the time of the accident, Benton was insured by Blue Cross and Blue Shield of Tennessee ("Blue Cross"), which had a contract with Vanderbilt. The contract provided, in part, that Vanderbilt would provide health care services to members of the Blue Cross health care plan at established discounted rates and that Vanderbilt would not bill any Blue Cross member for the difference between the actual medical expenses and the discounted rates. As stated in section 6.1 of the contract:

> [Vanderbilt] shall be reimbursed for the provision of Covered Services provided to [Blue Cross] Members in accordance with the terms set forth in this Institution Agreement . . . . [Vanderbilt] agrees to accept . . . [a] percent of covered charges as payment in full for services rendered to [Blue Cross] Members not covered through a Network product. <u>Such reimbursement as is described in this section shall represent the maximum amount payable to [Vanderbilt] for Covered Services and [Vanderbilt] shall not bill any [Blue Cross] Member for any contractual difference between billed charges and such reimbursement.</u>

(Emphasis added). Blue Cross paid Vanderbilt its full obligation under the contract, which covered all but $14,772.09 of the hospital expenses incurred by Benton.

Benton later filed a lawsuit against Lynn in the Circuit Court for Coffee County for the personal injuries he suffered in the accident. Vanderbilt then sought to recover $14,772.09, i.e., the amount of Benton's hospital expenses that had not been paid by Blue Cross.[2] Vanderbilt had previously filed a statutory Notice of Hospital Lien with the Clerk of the Circuit Court for Davidson County against any monetary recovery Benton might receive from Lynn.

---

[2] <u>See</u> Tenn. Code Ann. § 29-22-101 (2000) (providing for hospital liens).

As a result of Vanderbilt's actions, Benton filed a complaint[3] against Vanderbilt in the Circuit Court for Davidson County alleging an abuse of process, breach of contract, and a violation of the Tennessee Consumer Protection Act on the grounds that Vanderbilt had agreed to accept payment in full from Blue Cross pursuant to section 6.1 of the contract between them. In response, Vanderbilt filed a motion seeking to compel arbitration and to stay the legal action pending arbitration. The motion asserted that Benton was bound by an arbitration provision contained in the contract because he was a third-party beneficiary to the contract. The arbitration provision in section 8.2 stated, in part:

> Arbitration. If a dispute . . . arises between the parties of this Agreement involving a contention by either party that the other has failed to perform its obligations and responsibilities under this Agreement, then the party making such contention shall promptly give written notice to the other. Such notice shall set forth in detail the basis for the party's contention . . . . The other party shall within thirty (30) calendar days after receipt of the notice provide a written response seeking to satisfy the party that gave notice regarding the matter as to which notice was given. Following such response . . . if the party that gave notice of dissatisfaction remains dissatisfied, then that party shall so notify the other party <u>and the matter shall be promptly submitted to inexpensive and binding arbitration in accordance with the Tennessee Uniform Arbitration Act</u> . . . .

(Emphasis added). Benton argued that he was not bound by the arbitration provision because he was not a "party" to the contract.

The trial court found that Benton was "not bound to the arbitration provision" and denied Vanderbilt's motion to compel arbitration. The Court of Appeals reversed the trial court's judgment,[4] concluding that Benton was subject to the arbitration provision because he was a third-party beneficiary to the contract who was seeking to enforce rights under the contract.

We granted this appeal.

## Analysis

Benton argues that the Court of Appeals erred in holding that he was bound by the arbitration provision contained in the contract between his medical insurer, Blue Cross, and Vanderbilt. He contends that the arbitration provision is not applicable because he was not a "party" to the contract

---

[3] The caption of the complaint stated "class action complaint." There is no indication, however, that a class action has been certified by the trial court.

[4] An order denying a motion to compel arbitration is an appealable order. Tenn. Code Ann. § 29-5-319(a)(1) (2000).

and cannot be forced to waive his constitutional right to pursue judicial action. Vanderbilt argues that Benton was bound by the arbitration provision in the contract because he was a third-party beneficiary seeking to enforce rights under that contract.

To place these issues into the appropriate context, we begin our analysis by summarizing certain general principles governing arbitration contracts. In general, arbitration agreements in contracts are favored in Tennessee both by statute and existing case law. The Uniform Arbitration Act provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract . . . .

Tenn. Code Ann. § 29-5-302(a) (2000). As this Court has recognized,

> [a]ttitudes towards arbitration changed as time passed. This change was reflected in the courts by judicial decisions praising arbitration and in society by the passage of statutes embracing arbitration as an alternative forum for dispute resolution. The effectiveness of modern arbitration statutes has been measured in terms of their inclusion of provisions making agreements to arbitrate irrevocable and initiating a time-saving procedure for compelling arbitration . . . . Moreover the [Uniform Arbitration Act] embodies a legislative policy favoring enforcement of agreements to arbitrate.

Buraczynski v. Eyring, 919 S.W.2d 314, 317 (Tenn. 1996).

Having observed that arbitration contracts are favored in Tennessee, we next discuss the rights and obligations of third-party beneficiaries to a contract. As the Court pointed out in Owner-Operator Independent Drivers Association v. Concord EFS, Inc., 59 S.W.3d 63 (Tenn. 2001), a third party is an intended third-party beneficiary of a contract, and thus entitled to enforce the terms of a contract, where (1) the parties to the contract have not otherwise agreed, (2) recognition of the third-party's right to performance is appropriate to effectuate the parties' intent, and (3) terms or circumstances indicate that performance of the promise is intended or will satisfy an obligation owed by the promisee to the third party. Id. at 70.

This Court has also said that a third-party's rights "depend upon and are measured by the terms of the contract." United States Fid. & Guar. Co. v. Elam, 278 S.W.2d 693, 702 (Tenn. 1955). "Before the beneficiary may accept the benefits of the contract, he must accept all of its implied, as well as express, obligations." Id. As we have explained, "if the beneficiary accepts, he adopts the bad as well as the good, the burden as well as the benefit." Id.

With these principles in mind, we now turn to the critical issue in this case, i.e., whether an arbitration provision in a contract is binding against a third-party beneficiary who brings an action seeking to enforce the terms of that contract.

Although this is a question of first impression in Tennessee, numerous courts and legal commentators have held as a general rule that a third-party beneficiary who seeks to enforce rights under a contract is bound by an arbitration provision in that contract. See Ex parte Dyess, 709 So. 2d 447, 451 (Ala. 1997); Restatement (Second) of Contracts § 309 cmt. b (1981). As one leading commentator states, "where [a] contract contains an arbitration clause which is legally enforceable, the general rule is that the beneficiary is bound thereby to the same extent that the promisee is bound." Williston on Contracts § 364 A. (3d ed. 1957).

For example, in District Moving & Storage Co. v. Gardiner & Gardiner, Inc., a Maryland appellate court relied on the rule stated in the Williston treatise in concluding that the lessee of a warehouse was bound by an arbitration provision when seeking to enforce the terms of a contract between a contractor and the owner of the warehouse. District Moving, 492 A.2d 319, 322-23 (Md. Ct. Spec. App. 1985) (quoting Williston on Contract § 364 A. (3d ed. 1957)). The Maryland court concluded that because the lessee was a third-party beneficiary, he was not permitted to enforce his rights under the contract while at the same time avoiding the obligations entailed by the arbitration provision. Id. at 323 (citing Jeanes v. Arrow Ins. Co., 494 P.2d 1334 (Ariz. App. 1972)).

Similarly, in Johnson v. Pennsylvania National Insurance Cos., 594 A.2d 296 (Pa. 1991), the Pennsylvania Supreme Court concluded that the plaintiff, who sought uninsured motorist benefits under an insurance policy to which she was not a party, was required to submit her claim to arbitration under an arbitration provision contained in the policy. The Court reasoned:

> An injured person who makes a claim for uninsured motorist benefits under a policy to which he is not a signatory is in the category of a third party beneficiary. Historically, this Court has held that third party beneficiaries are bound by the same limitations in the contract as the signatories of that contract. The third party beneficiary cannot recover except under the terms and conditions of the contract from which he makes a claim.

Id. at 298-99. Accordingly, in holding that the third-party beneficiary was subject to arbitration, the Pennsylvania court emphasized that "the right of a beneficiary is subject to any limitation imposed by the terms of the contract." Id. at 299 (quoting Restatement (Second) of Contracts § 309 cmt. b (1981)).

The Supreme Court of Alabama has recently applied the same analysis and has reached similar results. In Ex parte Dyess, 709 So. 2d 447 (Ala. 1997), the court held that the petitioner, who was injured while driving a car owned by a dealership and filed a cause of action under the uninsured motorist provisions of the dealership's insurance policy, was bound by an arbitration clause in the

insurance policy. The Alabama court reasoned that a third-party beneficiary who seeks to recover under the terms of an insurance contract cannot "pick and choose the portions of the contract that he wants to apply." Id. at 451. In a later case, the Alabama court again reiterated that "a third-party beneficiary cannot accept the benefit of a contract, while avoiding the burdens or limitations of that contract." Cook's Pest Control, Inc. v. Boykin, 807 So. 2d 524, 526 (Ala. 2001); see also Georgia Power Co. v. Partin, 727 So. 2d 2, 5 (Ala. 1998) ("The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke.").

In contrast, those courts that have exempted a third-party beneficiary from an arbitration provision in the contract have generally emphasized contractual language that limited the arbitration clause to the "parties" to the agreement. See Rath v. Managed Health Network, Inc., 844 P.2d 12, 13 (Idaho 1992); City of Peru v. Ill. Power Co., 630 N.E.2d 454 (Ill. App. Ct. 1994). In Rath, the Idaho court concluded that a third-party beneficiary was not required to arbitrate a dispute where the arbitration provision in the contract was limited to "[a]ny controversy between the parties to this Agreement." Rath, 844 P.2d at 13 (emphasis in original). Likewise, in City of Peru, the Illinois court held that the third-party beneficiary was not subject to the arbitration provision in a contract where the third party was not a "party" as defined in the agreement. City of Peru, 630 N.E.2d at 457-58.

In our view, the Alabama, Pennsylvania, and Maryland decisions, which relied on Williston on Contracts as well as the Restatement (Second) of Contracts, reflect the better-reasoned analysis. First, this analysis is consistent with the general rule that the rights of a third-party beneficiary are subject to any limitations imposed by the terms of the contract. See Restatement (Second) of Contracts § 309 cmt. b (1981). As this Court has emphasized, "before the beneficiary may accept the benefits of [a] contract, he must accept all of its implied, as well as express, obligations." Elam, 278 S.W.2d at 702. Indeed, in light of these well-established principles, we believe that the term "parties" in an arbitration clause is not by itself sufficient to exempt a third-party beneficiary who is seeking to enforce rights under the contract. See id.

Second, this analysis is also consistent with principles of contractual interpretation that require a contract be interpreted as a whole according to its plain terms. See Cocke County Bd. of Highway Comm'rs v. Newport Utilities Bd., 690 S.W.2d 231, 237 (Tenn. 1985). Thus, where a third-party beneficiary seeks to enforce rights under a contract, an interpretation of the contract as a whole requires that the third party not be permitted to interpret the contract in a piecemeal fashion by avoiding unfavorable terms. See Elam, 278 S.W.2d at 702.

Third, this analysis properly underscores that an arbitration provision in a contract is applicable only to actions brought by a third-party beneficiary seeking to enforce rights under that contract. See Ex parte Dyess, 709 So. 2d at 451; Johnson, 594 A.2d at 299. An arbitration provision may not be applicable in cases where claims are raised under other legal theories and are not intertwined with rights being enforced under the terms of the contract. See Cocke County Bd. of Highway Comm'rs, 690 S.W.2d at 237 (arbitration not applicable to tort claim brought by third party); Cook's Pest Control, Inc., 807 So. 2d at 525 (third party's claims of negligence and

wantonness were not subject to the arbitration provision). The narrow effect of our holding assures that a third-party beneficiary does not forego legal remedies on other claims for relief. For these reasons, we further conclude that there is no merit in the argument that third-party beneficiaries who are subject to an arbitration provision under a contract they seek to enforce are forced to waive their rights to seek judicial relief. Moreover, we also emphasize that third parties have a right to judicial review of the arbitration results and process. See Tenn. Code Ann. §§ 29-5-313, 29-5-319 (2000).

Finally, in adopting this analysis, we observe that the Tennessee cases cited by Benton are distinguishable. In Frizzell Construction Co. v. Gatlinburg, L.L.C., 9 S.W.3d 79 (Tenn. 1999), for instance, the Court's statement that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit" was made in interpreting an arbitration provision between the parties to a contract and not to a third-party beneficiary. Id. at 84. Similarly, in Cocke County Bd. of Highway Commissioners, the Court's observation that "arbitration clauses are not binding on third parties who are not parties to the contract" was made with regard to a tort claim and not a breach of contract claim brought by a third-party beneficiary based on the underlying contract. 690 S.W.2d at 237.

Applying these principles, we conclude that the Court of Appeals correctly held that Benton was bound by the arbitration provision contained in the contract between Vanderbilt and Blue Cross. Benton was a third-party beneficiary to the contract who filed an action seeking to enforce rights under the contract. Benton's claim was dependent on his status as a third-party beneficiary to the contract and Vanderbilt's alleged obligations under section 6.1 of the agreement. Accordingly, based on the general principle that a third-party beneficiary cannot enforce favorable terms of a contract while avoiding unfavorable terms, we conclude that Benton's claim seeking to enforce the contract is subject to the arbitration provision.

## Conclusion

After reviewing the record and applicable authority, we conclude that an arbitration provision in a contract is enforceable against a third-party beneficiary who has filed a cause of action seeking to enforce the contract. We therefore affirm the Court of Appeals' judgment. Costs of the appeal are taxed to the appellant, Larry Eugene Benton, and his surety, for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE