**MULVANEY v. DALZELL TOWING CO., Inc.**

United States District Court
S. D. New York.
April 28, 1950.

260

Burlingham, Veeder, Clark & Hupper, New York City, C. B. M. O'Kelley, New York City, of counsel, for respondent.

Jacob Rassner, New York City, for libelant.

RIFKIND, District Judge.

Respondent has excepted to the libel herein on five grounds, as follows: 1, failure to state a cause of action in the admiralty and maritime jurisdiction of this court; 2, a cause of action against respondent for breach of an alleged agreement between libelant and respondent, if deemed to be alleged in the libel, is not within the admiralty and maritime jurisdiction of this court; 3, a cause of action against respondent for the alleged wrongful death of libelant's intestate, if deemed to be alleged in the libel, did not accrue within the time limited by law for the commencement of suit and accordingly, is barred; 4, a cause of action against respondent for breach of an alleged agreement between libelant and respondent, if deemed to be alleged in the libel, did not accrue within the time limited by law for the commencement of suit and accordingly is barred; 5, failure to state separately and number the causes of action.

The libel, which was filed on August 3, 1949, is chameleonic, changing its color in response to the stimuli of the changing environment. This much, however, appears to be alleged:

■ Libelant is the administratrix of Francis Mulvaney, deceased, who in 1938 was a seaman employed on board the tug Dalzellace, owned and operated by respondent. On or about December 13, 1938, while so employed, Mulvaney was injured and on January 21st, 1939, he died. His injuries and death were caused by the failure of respondent to provide him with proper tools for the work he was ordered to do and by respondent's neglect to provide prompt, adequate and proper medical aid. Thereafter, respondent promised the libelant "to make a fair, reasonable and equitable settlement * * * providing the libelant would refrain from instituting suit". Libelant relied on the promise and

representation of the respondent which the latter did not intend to keep and which it has failed to keep. Libelant suffered damages of $100,000.

If this is an action for wrongful death under the Jones Act, 46 U.S.C.A. § 688, it is barred by the time limitation of 45 U.S.C.A. § 56. Atlantic Coast Line R. Co. v. Burnette, 1915, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226. If this is an action for breach of contract to compromise and settle, it is not within the admiralty jurisdiction. And that would be equally true if it were an action for fraud and deceit as libelant suggests in its affidavit. James Richardson & Son v. Conners Marine Co., 2 Cir., 1944, 141 F.2d 226, 228; Netherlands American Steam Nav. Co. v. Gallagher, 2 Cir., 1922, 282 F. 171, 176.

Nor has there been alleged any other valid ground of federal jurisdiction on the basis of which jurisdiction may be assumed over connected but non-maritime causes of action.

■ Libelant suggests that the claim is not pleaded under the Jones Act but under the maritime law and is founded upon the unseaworthiness of the vessel. The libel contains no direct allegation of unseaworthiness; but even if that omission were overlooked, the libel is still bad for the right of action dies with the person and the maritime law gives no right to recover indemnity for the death of a seaman. Lindgren v. U. S., 1930, 281 U.S. 38, 47, 50 S.Ct. 207, 74 L.Ed. 686; 1 Benedict on Admiralty, 6th Ed. 1940, 372.

■ Although libelant does not suggest it unequivocally in its affidavit, perhaps the libel is intended to assert a claim for the tortious breach of the duty to provide "cure", due to a seaman under the maritime law, which results in the aggravation of his injuries. Such a claim does not survive the seaman's death under the maritime law, and can be pursued only under the Jones Act. Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368. But the Jones Act remedy is barred by limitations.

The only construction of the libel which does not cause a dismissal on the merits

is that the libel intends to state a claim at law for breach of contract or for fraud and deceit and, if so, it must be dismissed because not within the admiralty jurisdiction.

It will sufficiently dispose of this application if the first exception is sustained.

Libel dismissed for want of jurisdiction.