INTERPOOL LIMITED, a corporation, and C.T.C. (Equipment) A.G., a corporation, Plaintiffs,

v.

THROUGH TRANSPORT MUTUAL INSURANCE ASSOCIATION LIMITED, Mayan Lines Inc., and Inversiones Navieras Imparca, C.A., Defendants.

No. 85–0662–CIV–KING.

United States District Court, S.D. Florida.

Oct. 1, 1985.

Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., for Through Transport Mut. Ins. Assoc.

Timothy J. Armstrong, Armstrong & Mejer, Coral Gables, Fla., for plaintiffs.

## ORDER DIRECTING THE PARTIES TO ARBITRATION, AND STAYING THE PENDING ACTION IN THIS COURT.

### MEMORANDUM

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises upon the Defendant's motion to stay the proceeding and compel arbitration.

### FACTS

Interpool Ltd and C.T.C. corporation, the parties bringing this action, were the owners of certain containerized cargo equipment which was leased to Mayan Lines and Imparca, shipping companies. Both Mayan Lines and Imparca insured this equipment with Through Transport Mutual Insurance Ltd.

The insurance contract between Mayan/Imparca and Through Transport required arbitration of any disputes involving coverage. Interpool Ltd. was not a signatory to these contracts.

The equipment was damaged and Interpool filed suit in this court to recover the losses to its property, naming as defendants Mayan Lines as lessee, Imparca as lessee, and Through Transport as the insurer. Mayan Lines has filed bankruptcy and Imparca is a Venezuelan corporation that has apparently gone out of business and has not been served.

Through Transport has now filed a motion to stay the proceedings and compel arbitration as required by the terms of its agreement with Mayan/Imparca on the theory that Interpool Limited by claiming the position of a third party beneficiary, now stands in the shoes of Mayan/Imparca and is bound by their contractual agreement to arbitrate.

### OPINION

The crucial issue in this case is: may a party who is not a signatory to the contract but claims third party beneficiary status under the contract be bound by a clause in the contract requiring arbitration of the dispute.

Interpool and C.T.C. claim that because they never signed an agreement requiring arbitration that they are under no contractual duty to arbitrate, and thus have respectfully declined Through Transports offer to do so. Interpool and C.T.C. are relying on an estoppel theory in that Through Transports confirmation of insurance coverage directed to Interpool made mention of coverage under Through Transports rule 31 and 12 but made no mention of any other rules applicable to Interpool or C.T.C.. Thus Interpool/C.T.C. claim that they were without notice that they were to be bound by the arbitration clause contained in rule 35 of Through Transport's rules and bylaws.

■ Interpool and C.T.C. claim that the rules on their face only apply to Through Transport members and are thus not applicable to Interpool/C.T.C. who are not Interpool members. Interpool/C.T.C. are correct in their assertion that absent an agreement to arbitrate the parties cannot be required to submit to arbitration. *Seaboard Coast Line R.R. v. Trailer Train Co.* 690 F.2d 1343 (11th Cir.1982).

The issue before this court is clearly one of law and not a factual dispute. Interpool/C.T.C. are assuming the benefits of the contract as third party beneficiaries. Interpool/C.T.C. now wish to "stand in the shoes" of the contracting parties Mayan/Imparca and derive the benefit of the Mayan/Imparca insurance contract with Through Transport. Through Transports contract with Mayan/Imparca is clear on its face that the parties will be bound by the rules and bylaws of the Through Transport association. Rule 35 of the association

states that disputes will be put to arbitration for resolution.

The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. "The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract". *Trans-Bay Engineers & Builders, Inc. v. Hills* 551 F.2d 370 (D.C.1976).

 Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and "a party may be bound by an agreement to arbitrate even in the absence of a signature". *McAllister Bros. v. A & S Transport Co.* 621 F.2d 519 (2nd Cir.1980). Interpool/C.T.C. are bound by the terms and conditions of the contract between Mayan/Imparca and Through Transport. The Rules applicable and incorporated into the contract, specifically Rule 35 require arbitration of disputes.

This court is empowered by 9 U.S.C. sec. 3 to stay this proceeding pending arbitration of this dispute.

Therefore be it ORDERED and ADJUDGED:

1. The Defendant's motion to stay this case is hereby GRANTED pending arbitration of this matter.

2. The Defendant's motion for a protective order pending arbitration is GRANTED.

3. The Defendant's motion for reconsideration of this Court's Order of August 30th 1985 is DENIED.