**CONSOLIDATED BATHURST, LTD., Plaintiff,**

v.

**REDERIAKTIEBOLAGET GUSTAF ER- IKSON and Assuranceforeningen Skuld, Defendants.**

No. 86–725–Civ.

United States District Court, S.D. Florida, Miami Division.

Oct. 20, 1986.

Edward A. Moss, Anderson, Moss, Russo, Gievers & Cohen, P.A., Miami, Fla., Howard Schiffman, Dickstein, Shapiro & Morlin, Washington, D.C., for plaintiff.

Geoffrey W. Gil, DeOrchis & Partners, Miami, Fla., for defendants.

## ORDER STAYING AND DISMISSING PLAINTIFF'S CLAIMS

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the Court upon the unopposed motion of defendants Rederiaktiebolaget Gustaf Erikson (Erikson) and Assuranceforeningen Skuld (Skuld) to stay the claims against Erikson pending arbitration, and to dismiss the claims against Skuld for filing elsewhere as appropriate, pursuant to a forum selection clause.

Plaintiff Consolidated Bathurst, Ltd., chartered a ship, the M/V Germundo, owned by defendant Erikson, for a three year period beginning in 1973. While CBL was operating the ship, longshoreman Obbie Mallard was injured. Mallard and his wife brought a successful action against CBL, Erikson and another defendant in this Court. Judgment was entered against CBL only, and CBL satisfied the judgment on November 1, 1985, by paying to the Mallards $4,482,000. Erikson and its insurer, Skuld, provided $3,151,240 of the money paid to the Mallards. In this action, CBL claims indemnity against Erikson and Skuld for the remainder of the sum, $1,330,760, plus interest from November 1, 1985. CBL asserts admiralty and diversity jurisdiction.

### STAY OF COUNT I PENDING ARBITRATION

CBL alleges in Count I of the Complaint that Erikson breached their charter party by refusing to indemnify CBL against the Mallard judgment. Paragraph 44 of the charter party requires the ship owner to indemnify the charterer against certain risks. Erikson seeks to stay Count I pending arbitration. Erikson states, and CBL does not dispute, that the charter party contained the following arbitration clause:

17. That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at Montreal, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall

be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men.

■ The claim in Count I, which CBL alleges arises under paragraph 44 of the charter party, seems to fall squarely within the scope of the arbitration clause quoted above. Under the Arbitration Act, 9 U.S.C. §§ 1, et seq., "[A]rbitration clauses are to be generously construed and all doubts are to be resolved in favor of arbitration." *Ruby-Collins, Inc. v. City of Huntsville*, 748 F.2d 573, 576 (11th Cir.1984), *citing Seaboard Coast Line Railroad Co. v. Trailer Train Co.*, 690 F.2d 1343 (11th Cir.1982). Federal policy favors arbitration over litigation. *Id.*

■ A written provision in a maritime contract requiring arbitration of a controversy arising out of the contract is valid and enforceable under 9 U.S.C. § 2. Therefore, pursuant to 9 U.S.C. § 3, Count I of this action must be stayed pending arbitration in accordance of Paragraph 17 of the CBL–Erikson charter party.

## DISMISSAL OF COUNT II FOR LACK OF JURISDICTION

The Court, *sua sponte*, dismisses Count II of the Complaint for lack of subject matter jurisdiction.

The claim in Count II is for breach of a contract separate and distinct from the charter party that was the subject of Count I. The second contract allegedly consists of correspondence between the parties in which CBL demanded that Erikson and Skuld defend it and hold it harmless in the Mallards' action, and the defendants agreed to do so. The correspondence referred to the indemnity clause (paragraph 44) in the charter party.

■ The claim arising from the alleged breach of the second contract is not with this Court's admiralty jurisdiction, because it is not based on a maritime contract relating directly to ships and shipping. Though the charter party that created the right to indemnity was a maritime contract, the second contract, in which the ship owner and its insurer allegedly promised to perform as required by the charter party, was not.

■ In an analogous case, the Court concluded that an action to enforce a contract obligating a ship owner to make a reasonable settlement for a seaman's wrongful death aboard a ship was not within admiralty jurisdiction, though an action directly alleging a seaman's wrongful death about a ship is a classic example of an admiralty claim. *Mulvaney v. Dalzell Towing Co., Inc.*, 90 F.Supp. 259, 1950 A.M.C. 1053 (S.D.N.Y.1950). An agreement to satisfy an obligation arising from a maritime tort or contract is not a maritime contract, and an action for breach of such a contract is not an admiralty claim.

■ Nor can jurisdiction be grounded on diversity where all of the parties are foreign. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 491–92, 103 S.Ct. 1962, 1970, 76 L.Ed.2d 81 (1983); 28 U.S.C. § 1332. Here, all of the parties are foreign: CBL is a Canadian corporation, Erikson is a Finnish corporation, and Skuld is a Norwegian corporation.

CBL asserts jurisdiction only on the bases of admiralty and diversity. Thus, Count II is not properly before this Court.

## DISMISSAL OF COUNTS III AND IV

### PURSUANT TO THE FORUM SELECTION CLAUSE

CBL alleges it was a third party beneficiary of an insurance contract between Erikson and Skuld, a mutual insurance association, covering the operation of the M/V Germundo. In Counts III and IV, CBL claims that Skuld breached that contract and is liable to CBL. (Defendants deny that CBL was a third party beneficiary of any insurance contract between them. Without deciding this issue, the Court will assume for the purposes of this motion that CBL was a third party beneficiary.)

The dispositive issue in Counts III and IV is whether CBL, as a third party beneficiary, is bound by a choice of forum clause

within the insurance contract.* Rules of Skuld, § 62, requires that actions against Skuld be brought in Copenhagen if the member involved is Danish, in Helsingfors if the member involved is Finnish, in Stockholm if the member involved is Swedish. All other members must bring their actions in Oslo. The defendants argue that CBL is bound by this provision.

As a general rule, a third party beneficiary stands in the shoes of the promisee and is subject to the terms and conditions of the contract it attempts to invoke. "The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract." *Interpool Ltd. v. Through Transport Mutual Insurance Assoc. Ltd.*, 635 F.Supp. 1503, 1986 A.M.C. 1150 (S.D. Fla.1985), *quoting Trans-Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370 (D.C. Cir.1976). In *Interpool*, this Court concluded that a third party beneficiary was bound by an arbitration clause, though it pleaded ignorance of the clause's existence. Likewise, CBL, as a third party beneficiary, is bound by the choice of forum clause contained in the insurance contract it invokes. A different result would force Skuld to shoulder a burden it did not contract to undertake.

Accordingly, upon defendants' motion and upon this Court being fully advised, it is ORDERED AND ADJUDGED:

1) Count I is STAYED pending arbitration in accordance with paragraph 17 of the CBL–Erikson charter party.

2) Count II is DISMISSED for lack of subject matter jurisdiction.

3) Counts III and IV are CONDITIONALLY DISMISSED for refiling in accordance with the forum selection clause in Rules of Skuld, § 62.

Dismissal of Counts III and IV is conditioned on the following: a) that the defendants submit to service of process and jurisdiction in the appropriate court, as deter-

mined by the forum selection clause, b) that the defendants waive any time bar defense otherwise applicable in the foreign court, and c) that the defendants agree to satisfy any final judgment rendered by the foreign court.

This Court will resume jurisdiction over this case if it is shown that the defendants failed to meet any of these conditions.

This conditional order of dismissal can be made final by the defendants if a) the plaintiff does not file in the appropriate foreign court within 90 days of this order, or b) if the case is timely filed, the foreign court accepts jurisdiction, and defendants have complied with all conditions of this order. Should the appropriate foreign court decline jurisdiction over this case, it may be reopened by the plaintiff in this court within 90 days of that denial if the foreign filing was timely.

DONE AND ORDERED in chambers at the United States Courthouse, Federal Courthouse Square, Miami, Florida, this 20th day of October, 1986.

---

* Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Plaintiff CBL has not responded to the motion to dismiss and has not attempted to show that enforcement of the forum selection clause would be unreasonable.