Chris **RIPMASTER**, Plaintiff,

v.

**TOYODA GOSEI, CO., LTD.;** Hiroshi Nozawa; and **Yoichiro Fujii,** jointly and severally, Defendants.

Civ. A. No. 92–76082.

United States District Court, E.D. Michigan, S.D.

June 12, 1993.

---

11. *See, e.g., Cheek v. United States,* 498 U.S. 192, 209–10, 111 S.Ct. 604, 615, 112 L.Ed.2d 617 (1991) (Blackmun, J., dissenting).

Gary Faria, Detroit, MI, Thomas E. Johnson, Chicago, IL, for plaintiff.

Harold Gurewitz, Detroit, MI, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS

GADOLA, District Judge.

Defendants filed their initial motion to dismiss October 14, 1992. This court entered an order December 29, 1992, which provided plaintiff with additional time to serve defendants. The court's order further denied without prejudice the portions of defendants' motion which were based on lack of subject matter jurisdiction and lack of personal jurisdiction.

On April 13, 1993, defendants filed a renewed motion to dismiss on those two issues. Plaintiff filed a response May 5, 1993; and defendants filed a reply May 14, 1993. Defendants subsequently filed a supplemental submission regarding their motion May 26, 1993. Plaintiff then moved to strike the submission May 28, 1993. Pursuant to LR 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), no oral argument was heard.

### LACK OF SUBJECT MATTER JURISDICTION

■ When an arbitration agreement is, as in this case, between parties of different countries, a lawsuit between the parties must be dismissed for lack of subject matter jurisdiction. *Siderius, Inc. v. Compania de Acero del Pacifico S.A.*, 453 F.Supp. 22, 25 (S.D.N.Y.1978).

■ Defendants contend that plaintiff's claims are subject to the arbitration clause in an August 1, 1984 consultation agreement entered into between defendants and MacLean–Fogg, plaintiff's employer, which provided that any disputes arising from the agreement were subject to arbitration in Ja-

pan. Plaintiff claims that because he was not a signatory of the consultation agreement and had no knowledge of the arbitration clause, the clause has no application to his claims against defendants.

Plaintiff contends that there are only four circumstances under which a nonsignatory may be bound to an arbitration clause contained in an agreement between two other parties. In the case cited by plaintiff, *In re Keystone Shipping Co. and Textport Oil Co.*, 782 F.Supp. 28 (S.D.N.Y.1992), the district court did cite four circumstances, according to case law in the Second Circuit, under which a nonsignatory may be bound to an arbitration clause. However, this court finds that the list in *Keystone* is not exhaustive.

There are a number of cases in which nonsignatory employees have been held to honor arbitration clauses of contracts to which their employers were signatories. *Letizia v. Prudential–Bache Sec., Inc.*, 802 F.2d 1185, 1187–89 (9th Cir.1986); *Scher v. Bear Stearns & Co., Inc.*, 723 F.Supp. 211, 216–17 (S.D.N.Y.1989); *Dale v. Prudential–Bache Sec., Inc.*, 719 F.Supp. 1164, 1169 (E.D.N.Y. 1989); *Brick v. J.C. Bradford & Co., Inc.*, 677 F.Supp. 1251, 1257 (D.D.C.1987). In the instant case, plaintiff concedes that he was an employee of MacLean–Fogg at the time MacLean–Fogg and Toyoda Gosei entered into the consultation agreement.

Although plaintiff claims he is not a third-party beneficiary of the consultation agreement, he does admit that it was he who was to "perform the services contemplated by the contract between MacLean–Fogg and Toyoda Gosei." Complaint at 4. Plaintiff further claims that "[d]efendant Toyoda Gosei failed to pay the commissions due to MacLean–Fogg during the service period. Plaintiff, therefore, did not receive his rightful share[ ] because MacLean–Fogg, Plaintiff's employer[,] did not receive its agreed upon share of commissions." Plaintiff's resp. at 9. Thus, it appears that plaintiff is a third-party beneficiary to the consultation agreement between Toyoda Gosei and MacLean–Fogg. Courts have held that third-party beneficiaries are bound by arbitration clauses agree upon by other parties. *Interpool Ltd. v. Through*

**118**

*Transp. Mut. Ins. Ass'n Ltd.,* 635 F.Supp. 1503, 1505 (S.D.Fla.1985).

█ Plaintiff also argues that his claims, described in the complaint as fraudulent misrepresentation, unjust enrichment and promissory estoppel, are claims in equity and that because they are not for breach of contract, his claims do not arise under the consultation agreement. However, as indicated by plaintiff's own response quoted above, plaintiff claims he has suffered because of defendants' alleged breach with plaintiff's employer. The arbitration clause reads

> Any dispute or controversy which may arise out of, in connection with or in relation to the Agreement, or for the breach thereof, shall ... be settled by arbitration in Tokyo, Japan, in accordance with the Rules of Procedure of the Japan Commercial Arbitration Association.

Defendants' ex. 2 at 9.

Plaintiff cannot evade the arbitration clause by artful pleading. Clearly, the arbitration clause was intended to be construed in its broadest terms, covering "[a]ny dispute or controversy which may arise out of, in connection with or in relation to the Agreement ..." *Id.*

In *Acevedo Maldonado v. PPG Indus., Inc.,* 514 F.2d 614, (1st Cir.1975), the court interpreted language which provided for arbitration of "any controversy or claim arising out of or relating to this Agreement or breach thereof." *Id.* at 616. The court found that "[b]road language of this nature covers contract-generated or contract-related disputes between the parties however labeled: it is immaterial whether claims are in contract or in tort...." *Id.; In re Oil Spill by the Amoco Cadiz,* 659 F.2d 789 (7th Cir. 1981).

Accordingly, the court finds that plaintiff's claims are covered by the arbitration clause found in the August 1, 1984 consultation agreement between MacLean–Fogg and Toyoda Gosei. Thus, the court will grant defendants' motion to dismiss.

█ Finally, plaintiff's motion to strike defendants' May 26, 1993 supplemental submission will be denied, as plaintiff has failed to show that the submission is a "redundant,

immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' renewed motion to dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendants' supplemental. submission is DENIED. .