### ACCIAI SPECIALI TERNI USA, INC., Plaintiff,

### v.

### M/V BERANE, et al., Defendants.

### No. CIV.S–01–765.

United States District Court, D. Maryland, Northern Division.

Jan. 17, 2002.

---

James D. Skeen, David W. Skeen, Wright, Constable and Skeen, LLP, Baltimore, MD, for Plaintiff.

James W. Bartlett, III, Alexander M. Giles, Semmes, Bowen and Semmes, PC, Baltimore, MD, for Trans Sea Transport.

Kevin A. Dunne, Charles A. Diorio, Ober, Kaler, Grimes and Shriver, Baltimore, MD, for Transcom Terminals, Ltd.

## MEMORANDUM OPINION

SMALKIN, Chief Judge.

This matter comes before the Court on a motion to dismiss for lack of subject matter jurisdiction, filed by the defendant Transcom Terminals, Ltd. ("Transcom"), a Maryland corporation. The plaintiff, Acciai Speciali Terni USA, Inc. ("AST"), a New York corporation, is seeking relief for cargo damage allegedly caused by Transcom's negligent stevedoring. The issues have been well briefed by the parties, and no oral hearing is necessary. Local Rule 105.6 (D.Md.).

## BACKGROUND

The general facts of this case are not in dispute. Acciai Speciali Terni, S.p.A., engaged carriers to make two shipments of steel sheets and coils from the port of Civitavecchia, Italy, to Baltimore, Maryland on board the M/V Berane and the M/V Bulk Sapphire. The M/V Berane arrived in Baltimore on May 10, 2000; the M/V Bulk Sapphire, on June 9, 2000. AST alleges that the steel cargoes were loaded in good condition and were either offloaded from the vessels in damaged condition or damaged while being offloaded. Transcom, the discharging stevedore, performed the offloading and then stored the cargoes for eventual receipt by inland carriers for delivery to AST, the consignee, purchaser, and owner of the steel. This admiralty action followed.

The M/V Berane bill of lading lists Oktoih Overseas Shipping Ltd. as the carrier, with its principal address in La Valletta,

Malta. The M/V Bulk Sapphire bill of lading lists Adler Shipping Co. c/o Pacific & Atlantic Corp. as the carrier, with addresses in Cyprus and Piraeus, Greece, respectively. The contractual provisions of both bills of lading, which govern the rights and obligations of the carriers and AST until delivery of the cargoes, *see Wemhoener Pressen v. Ceres Marine Terminals, Inc.*, 5 F.3d 734, 738 (4th Cir. 1993), are identical.

Clause 2 of the bills, the General Paramount Clause, provides:

> The Hague Rules contained in the International Convention for the Unification of certain rules relating to Bills of Lading ... as enacted in the country of shipment shall apply to this contract. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply, but in respect of shipments to which no such enactments are compulsorily applicable, the terms of the said Convention shall apply.

> *Trades where Hague–Visby Rules apply.*

> In trades where ... the Hague–Visby Rules [ ] apply compulsorily, the provisions of the respective legislation shall be considered incorporated in this Bill of Lading. The Carrier takes all reservations possible under such applicable legislation, relating to the period before loading and after discharging and while the goods are in charge of another Carrier, and to deck cargo ....

Clause 3, the forum selection clause, provides:

> Any dispute arising under the Bill of Lading shall be decided in the country where the carrier has his principal place of business, and the law of such country shall apply except as provided elsewhere herein.

Finally, Clause 18, the Himalaya clause, provides:

> It is hereby expressly agreed that no servant or agent of the Carrier (including every independent contractor from time to time employed by the Carrier) shall in any circumstances whatsoever be under any liability whatsoever to the [consignee and owner of the cargo] for any loss, damage or delay arising or resulting directly or indirectly from any act, neglect or default on his part while acting in the course of or in connection with his employment and, but without prejudice to the generality of the foregoing provisions in this clause, every exemption, limitation, condition and liberty herein contained and every right, exemption from liability, defence and immunity of whatsoever nature applicable to the Carrier or to which the Carrier is entitled hereunder shall also be available and shall extend to protect every such servant or agent of the Carrier acting as aforesaid and for the purpose of all the foregoing provisions of this clause the Carrier is or shall be deemed to be acting as agent or trustee on behalf of and for the benefit of all persons who are or might be his servants or agents from time to time (including independent contractors) and all such persons shall to this extent be or be deemed to be parties to the contract evidenced by this Bill of Lading.

### STANDARD OF REVIEW

■ Claiming the benefit of the forum selection clauses in the bills of lading via their Himalaya clauses, Transcom challenges this Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction, however, seems somewhat inapt. A claim arising out of a maritime bill of lading falls

squarely within a federal court's admiralty jurisdiction under 28 U.S.C. § 1333. And parties have no power by private contract to oust a federal court of its statutory jurisdiction. *United Fuel Gas Co. v. Columbian Fuel Corp.*, 165 F.2d 746, 749 (4th Cir.1948). Nevertheless, no existing procedural mechanism precisely matches a motion to dismiss based on a forum selection clause. Not surprisingly, various circuits have adopted various approaches, *see, e.g., Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 (1st Cir.2001) (treating such motions as 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998) (analyzing them as 12(b)(3) motions to dismiss for improper venue); *AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 152–53 (2d Cir. 1984) (dealing with them as 12(b)(1) motions to dismiss for lack of subject matter jurisdiction). Some circuits, including the Fourth, have not decided the issue. *See, e.g., Haynsworth v. Lloyd's of London*, 121 F.3d 956, 961 (5th Cir.1997) (declining to resolve the "enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Fed.R.Civ.P. 12(b)(1), 12(b)(3), or 12(b)(6), or 28 U.S.C. § 1406(a)"). Nor need this Court decide it.

■ The seminal Supreme Court decision enforcing a forum selection clause places the burden on the plaintiff, who brings suit in a forum other than the contractually agreed one, to make a "strong showing" that the court should exercise jurisdiction in derogation of the contract. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The plaintiff bears an analogous burden to prove, when challenged, that a federal court has subject matter jurisdic-

tion. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999). Therefore, recognizing a 12(b)(1) motion as an imperfect, but useful, mechanism to bring about a judicial decision, a court may analyze a motion to dismiss based on a forum selection clause in the same manner as it analyzes a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

■ Treating Transcom's 12(b)(1) motion accordingly, the court must consider whether the plaintiff's allegations, standing alone and taken as true, support the court's exercise of jurisdiction and a meritorious cause of action. *See Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir.1984). The court may review evidence outside the pleadings without converting the proceeding to one for summary judgment. *Evans*, 166 F.3d at 647. The defendant, seeking enforcement of the clause, should prevail only if no material facts are in dispute and the clause is enforceable as a matter of law. *See id.*

## ANALYSIS

■ Forum selection and choice of law provisions are *prima facie* valid and enforceable. *M/S Bremen*, 407 U.S. at 10, 92 S.Ct. 1907; *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996). To overcome this presumption of enforceability, a party that seeks to bring a suit in a forum other than the one designated by the forum selection clause must show that enforcement would be "unreasonable under the circumstances." *M/S Bremen*, 407 U.S. at 10, 92 S.Ct. 1907 (internal quotation marks omitted). Such circumstances may exist when: (1) the incorporation of the choice of forum and law provisions into the agreement was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of its day in court because of the grave inconvenience or unfairness of the selected

forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the provisions contravene a strong public policy of the forum in which the plaintiff has brought suit. *Allen*, 94 F.3d at 928. When the provisions belong to a bill of lading governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. §§ 1300–1315, they contravene the law of the United States and are unenforceable if the substantive law to be applied lessens the carrier's liability below what COGSA guarantees.[1] *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 539, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) (involving a foreign arbitration clause); *Watkins v. M/V London Senator*, 112 F.Supp.2d 511, 516 (E.D.Va.2000) (explaining how the *M/V*

*Sky Reefer* decision applies to foreign forum selection clauses and collecting cases so extending it); *Jewel Seafoods Ltd. v. M/V Peace River*, 39 F.Supp.2d 628, 631–32 (D.S.C.1999) (same).

■ AST has not pointed to any circumstances that suggest that enforcement of the choice of forum and law provisions in the bills of lading would be unreasonable. It alleges neither fraud nor overreaching by the carriers. It does not contend that the clauses would deprive it of its day in court or deny it remedy. Although the bills of lading at issue involve shipments to a United States port in international trade, AST does not argue that the selected forum(s) or law would violate COGSA.[2] Because AST has made no

---

**1.** COGSA applies *ex proprio vigore* to all bills of lading for shipments of cargo to or from a United States port in foreign trade. Section 3(8) provides that "[a]ny clause ... in a contract of carriage relieving the carrier or the ship from liability for loss or damages to ... the goods ... or lessening such liability ... shall be null and void and of no effect." 46 U.S.C.App. § 1303(8).

**2.** The parties only dispute whether COGSA (the Hague Rules as enacted in the United States) or the Hague–Visby Rules should apply. Citing the first paragraph of Clause 2, the General Paramount Clause, and Additional Clause B, Transcom contends that COGSA applies. AST, on the other hand, appealing to the second paragraph of Clause 2, argues that the Hague–Visby Rules apply. AST, it seems, has the stronger argument. Read together, the two paragraphs of the General Paramount Clause indicate that the parties have agreed that the Hague–Visby Rules should govern the bills of lading whenever those rules have been enacted in the country of shipment. *See Itel Container Corp. v. M/V Titan Scan*, 139 F.3d 1450, 1454 (11th Cir.1998) (interpreting a General Paramount Clause identical to those here). Italy, the country of shipment, has enacted the Hague–Visby Rules. AST Motion for Part. Sum. Jdgmt., Exh. B. Therefore, the Hague–Visby Rules ought to apply. Additional Clause B, which states that COGSA should govern whenever the bills of lading are sub-

ject to it, does not controvert this conclusion. COGSA does apply to these bills of lading because they involve shipments to a port in the United States. However, COGSA itself expressly permits parties to agree to increase the carrier's liability limitations beyond what COGSA requires. 46 U.S.C.App. §§ 1304(5), 1305; *see also J.C.B. Sales Ltd. v. Wallenius Lines*, 124 F.3d 132, 136–37 (2d Cir.1997). The Hague–Visby Rules generally impose higher liability limits than COGSA. *See J.C.B. Sales Ltd.*, 124 F.3d at 137. Thus application of COGSA does not affect the parties' agreement to raise the limits of liability under the General Paramount Clause. *See id.* Nevertheless, the Court need not finally decide this issue, inasmuch as neither party contends that the applicable law would reduce the carriers' liability below the statutory minimum established by COGSA. The dispute over which law applies is therefore immaterial and cannot prevent dismissal. Intriguingly, Clause 3 of the bills of lading, the forum selection clause, in addition to specifying the forums as the countries where the carriers have their principal places of business, also provides that "the law of [the forum] countr[ies] shall apply except as provided elsewhere herein." Taking the bills of lading on their faces, the designated forums would appear to be Malta for the M/V Berane shipment and either Cyprus or Greece for the M/V Bulk Sapphire shipment. AST neither denies

showing that enforcement would be unreasonable, the Court finds the choice of forum and law clauses valid and enforceable against AST.

■ The Court must next determine whether the forum selection clauses apply to Transcom, the discharging stevedore. Though not a party to the bills of lading, Transcom claims the benefit of the choice of forum clauses by virtue of the bills' identical Himalaya clauses. The Himalaya clauses extend "every right, exemption from liability, defence and immunity" that the carriers enjoy under the bills of lading to the carriers' servants, agents, and independent contractors "while acting in the course of or in connection with [their] employment."[3] Such clauses "must be strictly construed and limited to intended beneficiaries." *Robert C. Herd & Co. v. Krawill Mach. Corp.*, 359 U.S. 297, 305, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959). Nevertheless, they need not employ the term "stevedores" for stevedores to be recognized as intended beneficiaries. Terms such as "servants," "agents," or "independent contractors" sufficiently include all those engaged by the carriers to perform the duties of the carriers under the carriage contracts. *Wemhoener Pressen*, 5 F.3d at 743.

■ The Himalaya clauses apply to all defenses that the carriers may raise, and the forum selection clause is as valid a defense that the carriers may raise as any other. *See Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221 (5th Cir. 1998). A forum selection clause that requires litigation to be brought in a different forum serves as a defense because it warrants dismissal of the action, *see LPR, SRL v. Challenger Overseas, LLC*, 2000 A.M.C. 2887, 2892 (S.D.N.Y.2000), and is akin to the defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue under Federal Rule of Civil Procedure 12(b).

AST does not dispute that Transcom was an agent of the carriers, acting within the course of its employment when the steel was allegedly damaged. Nor is it unreasonable for the parties to the bills of lading to have expected that Transcom would benefit from the forum selection clause to the same extent as the carriers. Indeed, it would be grossly inefficient for an action against a carrier to be brought in one jurisdiction and another action, arising out of the same shipment, to be brought against the carrier's local agent in a different jurisdiction. *See id.* The parties cannot have envisioned such a result when they entered into the bills of lading. Transcom may therefore invoke the benefit of the forum selection clauses in the bills of lading.

■ However, a third-party beneficiary is bound by the terms and conditions

---

that these are the agreed forums nor quarrels with these forums *qua* forums. Regarding the choice of law provision of the forum selection clause, whatever Maltese, Cypriot, or Greek law is implicated, the Court agrees with the parties that the General Paramount Clause (together with Additional Clause B) controls the choice of substantive law in determining the liability of Transcom. *But see Itel Container Corp.*, 139 F.3d at 1455 (suggesting that such a choice of local law provision within a forum selection clause might operate to trump the choice of law provisions of a general paramount clause).

**3.** A passenger injured on the English ship *Himalaya,* the eponym of such clauses, successfully sued the negligent master and boatswain because the carriage contract exempted the carrier from liability but did not extend any such exemption to the carrier's servants or agents. *See* 2A Michael F. Sturley, Benedict on Admiralty § 169, at 16–51 n. 13 (7th rev. ed., Matthew Bender & Co.2001) (describing *Adler v. Dickson,* [1955] 1 Q.B. 158 (C.A.1954)).

of the contract it invokes. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir.1983); *Trans–Bay Eng'rs & Builders, Inc. v. Hills*, 551 F.2d 370, 378 (D.C.Cir.1976). The beneficiary "cannot accept the benefits and avoid the burdens or limitations" of the contract. *Trans–Bay Eng'rs & Builders*, 551 F.2d at 378. Therefore, Transcom, as a "Himalayan," third-party beneficiary of the bills of lading, is bound by the forum selection clauses it now asserts as a defense in this Court. It cannot take advantage of the clauses here but then object to jurisdiction in the appropriate court(s). *Cf. Mar. Ins. Co. v. M/V Sea Harmony*, 1998 A.M.C. 1961, 1963–64, 1998 WL 214777 (S.D.N.Y. 1998) (finding that Himalaya clause in bill of lading did not subject Argentinian stevedore to forum selection clause mandating litigation in U.S. District Court, noting that plaintiff could not extend a "liability" to the foreign stevedore beneficiary by enforcing the forum clause "against" it, and thus dismissing plaintiff's claims against the stevedore). The bills of lading evince no intent by the parties to confer immunity from all jurisdiction on the intended beneficiaries of the Himalaya clauses. To avoid the manifest inequity that would attend Transcom's opposition, whether successful or not, to jurisdiction in the selected forum(s), the Court will therefore condition dismissal of AST's claims on Transcom's submission to jurisdiction in the appropriate court(s) and its waiver of any time limitation defenses otherwise applicable there. Dismissal will also be conditioned on acceptance of jurisdiction by the foreign court(s). *See CBJ, Inc. v. M/V Hanjin Hong Kong*, No. Civ. 99–4925, 2000 WL 33258660, at *2 (D.N.J. Sept.22, 2000) (imposing similar conditions on dismissal of claims against "Himalayan" beneficiary of forum selection clause); *Kanematsu USA, Inc. v. M/V Pretty Prosperity*, No. Civ. A. 99–1668, 2000 WL 943139, at *2–3 (E.D.La. July 7, 2000) (same); *Consol. Bathurst, Ltd. v. Rederiaktiebolaget Gustaf Erikson*, 645 F.Supp. 884, 887 (S.D.Fla.1986) (conditioning dismissal of claims against third-party beneficiary of choice of forum provision in insurance contract upon beneficiary's acceptance of designated court's jurisdiction).

### CONCLUSION

For the foregoing reasons, a separate order will be issued CONDITIONALLY GRANTING the motion of Defendant Transcom Terminals Ltd. to dismiss on the basis of the forum selection clauses in the bills of lading.

### ORDER

For the reasons stated in the Memorandum Opinion of even date, it is, this 17th day of January, 2002, hereby ORDERED:

1. That the motion of Defendant Transcom Terminals, Ltd., to dismiss Plaintiff's amended complaint on the basis of the forum selection clauses in the bills of lading BE, and it hereby IS, GRANTED, and this case IS hereby DISMISSED, ON THE FOLLOWING CONDITIONS:

   a) That the Defendant submit to service of process and jurisdiction in the appropriate court or courts, as determined by the forum selection clauses; and

   b) That the Defendant waive any time bar defenses otherwise applicable in the foreign court or courts;

2. That this case will be reopened on motion of the Plaintiff, if it be shown that the Defendant has failed to meet any of these conditions;

3. That the Defendant may move to make this conditional Order of dismissal final if:

a) The Plaintiff does not file in the appropriate foreign court or courts within ninety (90) days of this order; or

b) Upon timely filing, the foreign court(s) accept(s) jurisdiction, and the Defendant has complied with all conditions of this Order;

4. That, should the appropriate foreign court(s), upon timely filing, decline jurisdiction for any reason, the Plaintiff may move to reopen this matter in this Court within ninety (90) days of the foreign denial(s); and

5. That the Clerk of the Court send copies of this Order and the Memorandum Opinion to counsel for the Parties.