**LaSALLE, INC., Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 665, Defendant.**

**No. 1:03–CV–255.**

United States District Court,
W.D. Michigan,
Southern Division.

May 7, 2004.

Mark L. McAlpine, McAlpine & McAlpine, PC, Auburn Hills, MI, for Plaintiff.

Paul T. Gallagher, Gallagher & Gallagher, PLC, Ann Arbor, MI, for Defendant.

## OPINION

QUIST, District Judge.

Plaintiff, LaSalle, Inc. ("LaSalle"), brought this action against Defendant, International Brotherhood of Electrical Workers Local 665 ("IBEW"). LaSalle's Amended Complaint asserts various claims based on the allegedly poor performance of a construction contract, including Count IV, titled "Alternative Third Party Beneficiary Breach of Contract—Against Defendant Union." Now before the Court is IBEW's Motion to Dismiss Count IV of LaSalle's Amended Complaint. For the reasons stated below, the Court will grant IBEW's motion.

### I. *Background*

LaSalle was the prime contractor in a construction project at Michigan State University's Shaw Hall dormitory. LaSalle subcontracted the project's electrical work to Jake's Electric, Inc. ("Jake's"). Due to financial problems, Jake's was unable to finish the work, and LaSalle assigned the subcontract to Ramon Electric, LLC ("Ramon"). Both Jake's and Ramon employed union electricians pursuant to a collective bargaining agreement with IBEW. (Def.'s Br. Supp. Mot. Dismiss Ex. A.) LaSalle alleges that the collective bargaining agreement makes IBEW liable for its members' incorrect and non-conforming work. (Am.Compl. ¶ 31.) According to

LaSalle, the union workers did a "poor and shoddy" job, "repeatedly failed to adhere to the specifications" of the project, "failed to adhere to the applicable electrical/building code requirements," and "worked slowly and inefficiently," all of which increased the cost of the electrical work from an anticipated cost of $1,093,000 to an actual cost of $2,088,500. (*Id.* ¶¶ 8–9.) LaSalle further alleges that various union workers refused to work unless LaSalle agreed to pay them more than they were entitled to under the contract; that the union electricians walked off the job before completing the project; and that IBEW coerced other electrical subcontractors in the Lansing area to refuse to complete the work for LaSalle. (*Id.* ¶¶ 12–13.) LaSalle sued both IBEW and the individual union electrical workers, alleging respondeat superior liability (Count I), unfair labor practices (Count II), tortious interference with advantageous business relationship (Count III), and in the alternative, third party beneficiary breach of contract against IBEW (Count IV). This Court has already dismissed the individual union electrical workers from the case.

### II. *Motion to Dismiss Standard*

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions of legal conclusions. *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 *Moore's Fed-*

*eral Practice,* § 12.34[1][b] (Matthew Bender 3d ed.2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

### III. *Discussion*

The collective bargaining agreement between the electrical subcontractors (i.e., Jake's/Ramon) and IBEW specifies that any disputes over matters relating to the agreement shall be resolved according to an alternative dispute resolution procedure set forth in the agreement. (Def.'s Br. Supp. Mot. Dismiss Ex. A, ¶¶ 1.04–1.09.)

■ IBEW's motion presents one issue for decision: whether LaSalle, as a third-party beneficiary of the collective bargaining agreement between Jake's/Ramon and IBEW, is required to resolve its breach of contract dispute with IBEW according to the collective bargaining agreement's alternative dispute resolution procedure.[1] IBEW argues that if LaSalle wants to assert a claim for breach of the agreement, LaSalle must also abide by the agreement's alternative dispute resolution clause. In response, LaSalle contends that the collective bargaining agreement's alternative dispute resolution clause should not be enforced against it because as a third-party beneficiary, it had no opportunity to negotiate or agree to the clause. The Court agrees with IBEW and will require the parties to submit the claim stated in Count IV to the arbitration pro-

cedure set forth in the collective bargaining agreement.

Courts have long recognized that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). In some circumstances, however, an arbitration agreement may be enforced against a non-signatory party. "Ordinary principles of contract law are used to determine if a non-signatory is to be bound by the contract and 'a party may be bound by an agreement to arbitrate even in the absence of a signature.'" *Interpool Ltd. v. Through Transp. Mut. Ins. Ass'n Ltd.,* 635 F.Supp. 1503, 1505 (S.D.Fla.1985) (quoting *McAllister Bros. v. A & S Transp. Co.,* 621 F.2d 519, 524 (2d Cir. 1980)).

■ A third-party beneficiary bringing a breach of contract claim is bound by all of the terms and conditions of the contract that it invokes. *See Trans–Bay Eng'rs & Builders, Inc. v. Hills,* 551 F.2d 370, 378 (D.C.Cir.1976) ("The [third-party] beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract."). More specifically to this case, courts have held that third-party beneficiaries of contracts agreed upon by other parties are bound by arbitration clauses in those contracts. In *Interpool,* 635 F.Supp. 1503, the court considered an argument similar to that which LaSalle makes in this case. There, like here, the question for decision was: "may a party who is not a signatory to the contract but claims third party beneficiary status under the contract be bound by a clause in the contract requiring arbitration of the dispute?" *Id.* at 1504. The

---

1. IBEW agrees for the limited purposes of this motion to assume that LaSalle is a third party beneficiary of the collective bargaining agreement. (Def.'s Br. Supp. Mot. Dismiss at 5.)

plaintiffs in *Interpool,* like LaSalle, argued that as non-signatories to the contract, "they were without notice that they were to be bound by the arbitration clause" and thus had no obligation to arbitrate. *Id.* The court rejected this argument, holding that if the plaintiffs wished to "stand in the shoes" of the contracting parties and "derive the benefit" of the contract, they must also submit to the contract's arbitration requirement. *Id.* at 1504–1505.

Other cases likewise hold that a non-signatory third-party beneficiary suing for breach of contract is bound by an arbitration clause in the contract. *See, e.g., Borsack v. Chalk & Vermilion Fine Arts, Ltd.,* 974 F.Supp. 293, 300 (S.D.N.Y.1997) (citing multiple cases supporting the proposition that a third-party beneficiary suing on a contract must observe the contract's arbitration requirements); *Ripmaster v. Toyoda Gosei Co., Ltd.,* 824 F.Supp. 116, 117 (E.D.Mich.1993) (requiring employees who were third-party beneficiaries but not signatories of consultation agreements to abide by arbitration clauses in the agreements); *Wehe v. Montgomery,* 711 F.Supp. 1035, 1037 (D.Or.1989) (finding arbitration provision in cash management account agreement binding on third-party beneficiary of agreement); *Lee v. Grandcor Med. Sys., Inc.,* 702 F.Supp. 252, 255 (D.Colo.1988) ("A third party beneficiary must accept a contract's burdens along with its benefits. Moreover, a party may be bound by an arbitration agreement to which it has not expressly agreed.").

None of the cases LaSalle cites support its argument that it is not bound by the alternative dispute resolution clause in the collective bargaining agreement. First, in *Belobradich v. Sarnsethsiri,* 131 Mich.App. 241, 346 N.W.2d 83 (1983), a medical malpractice action, the plaintiff had executed an agreement with a hospital whereby he agreed to arbitrate claims involving the hospital, its employees, and independent staff doctors "who have agreed to arbitrate." *Id.* at 244, 346 N.W.2d at 84. When the plaintiff sued the defendant, an independent medical contractor, the defendant sought to enforce the arbitration agreement against the plaintiff. *Id.* However, the defendant had not signed any arbitration agreement until several months after the plaintiff had been treated and had executed his arbitration agreement with the hospital. *Id.* The court concluded that the defendant fell outside the ambit of the earlier arbitration agreement's language limiting its scope to doctors "who have agreed to arbitrate" and therefore "[t]he result sought by defendant would run contrary to the explicit language of the arbitration agreement signed by plaintiff." *Id.* Thus, the court refused to compel the plaintiff to arbitrate. *Id.* In contrast, the arbitration clause in the present case has no similar limiting language requiring interpretation and application, and thus *Belobradich's* holding has no bearing.

Next, LaSalle cites another inapposite case, *Valley Casework, Inc. v. Comfort Construction, Inc.,* 76 Cal.App.4th 1013, 90 Cal.Rptr.2d 779 (1999), which held that although "in many cases, nonparties to arbitration agreements are allowed to enforce those agreements," *id.* at 785, the non-party in that case lacked standing to require arbitration of certain equitable subrogation issues because those issues were beyond the scope of the contract containing the arbitration clause. In this case, however, there is no question that LaSalle's Count IV sets forth a straightforward breach of contract claim within the scope of the collective bargaining agreement. Moreover, *Valley Casework* involved a non-party seeking to enforce an arbitration agreement; it did not address the question relevant here, which is whether an arbitration agreement may be enforced *against* a non-signatory such as a third-party beneficiary. *See id.* at 1022 n.

6 ("We consider only the issue of whether a nonparty to an arbitration agreement may enforce the agreement. We do not decide under what circumstances arbitration may be compelled against a nonsignatory of the agreement.").

The final case LaSalle cites, *United States Pacific Builders, Inc. v. Mitsui Trust & Banking Co.*, 57 F.Supp.2d 1018 (D.Haw.1999), also fails to support LaSalle's argument and in fact supports IBEW's. Mitsui, the lender in a construction deal, was a third-party beneficiary of construction performance, labor, and material bonds. The bonds incorporated by reference a construction contract, to which Mitsui was neither a party nor a third-party beneficiary, but which contained an arbitration clause. The court held that "Mitsui's status as a third-party beneficiary to the bonds creates no obligation on its part to arbitrate disputes" pursuant to the requirement in the separate construction contract. *Id.* at 1027. Notably, the court distinguished that situation from numerous other cases where, as in the instant case, the plaintiffs were third-party beneficiaries to the arbitration agreements themselves and thus were required to arbitrate. *Id.* at 1027–28. If anything, *Pacific Builder's* discussion distinguishing these cases bolsters IBEW's argument that the arbitration clause binds LaSalle.

## IV. *Conclusion*

For the reasons stated above, the Court will grant IBEW's Motion to Dismiss Count IV because LaSalle, as a third-party beneficiary of the collective bargaining agreement, must resolve its breach of contract dispute according to the agreement's alternative dispute resolution requirements. An Order consistent with this Opinion will be entered.