# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 19, 2016 Session

## BILLY COFFEY, ET AL. V. HAMBLEN COUNTY, ET AL.

**Appeal from the Circuit Court for Hamblen County**
**No. 15CV139    Douglas T. Jenkins, Chancellor[1]**

_____

### No. E2016-01116-COA-R3-CV-FILED-DECEMBER 28, 2016

_____

This is a breach of contract action in which the plaintiffs filed suit on behalf of the decedent, who died as a result of suicide in the county jail. The plaintiffs sought damages from the designated emergency medical services provider pursuant to a contract between the provider and the county. The provider filed a motion to stay and compel arbitration pursuant to the terms of the contract. The plaintiffs argued that the arbitration provision in the contract was invalid because it did not contain the required notice advising the parties of the waiver of trial by jury and appeal. The trial court agreed and denied the motion. We reverse and remand for arbitration.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., joined, D. MICHAEL SWINEY, C.J., filed separate concurring and dissenting opinion.

Russell W. Adkins and Robert L. Arrington, Kingsport, Tennessee, for the appellant, Morristown Emergency & Rescue Squad, Inc. d/b/a Morristown-Hamblen Emergency Medical Services.

Jeffrey R. Thompson and Gina C. Sarli, Knoxville, Tennessee, for the appellee, Hamblen County.

Troy L. Bowlin, II, Morristown, Tennessee, for the appellees, Billy Coffey, Melissa Coffey, and Melinda Wolfe.

_____
[1] Sitting by interchange.

## OPINION

## I. BACKGROUND

On July 1, 2015, Thomas Coffey ("Decedent") was arrested and transported to the Hamblen County Jail. Decedent, who was under the influence of alcohol and "other drugs" at the time of his arrest, was placed in the general population in a regular housing unit with other inmates. Jail personnel later discovered Decedent unconscious and hanging in his cell as a result of an apparent suicide attempt on July 4, 2015. Jail personnel called the Morristown Emergency Rescue Squad, Inc. d/b/a Morristown-Hamblen Emergency Medical Services ("EMS") for service and transport of Decedent to the hospital. When no ambulance arrived, jail personnel called EMS a second time. EMS advised them that transport was unavailable at the moment because EMS was "out on other calls." Deputy sheriffs then transported Decedent by patrol car to the Morristown Hamblen Hospital. Decedent succumbed to his injuries on July 11, 2015.

A number of Decedent's relatives, Billy Coffey, Melissa Coffey, and Melinda Wolfe (collectively "Plaintiffs"), filed suit against numerous persons and entities, including Hamblen County, Tennessee ("the County") and EMS.[2] At issue in this appeal is Plaintiffs' allegation that EMS breached its service agreement with the County by failing to timely respond after receiving notification that Decedent attempted suicide by hanging.

EMS moved to stay the proceeding and to compel arbitration, arguing that Plaintiffs were bound by an arbitration provision in the service agreement because they filed suit as third-party beneficiaries to the contract between EMS and the County. The provision at issue provides as follows:

> **ARBITRATION**. Any dispute or controversy arising under, out of or in connection with, or in relation to this Agreement, or any amendment hereof, or the breach hereof shall be determined and settled by arbitration in Hamblen County, Tennessee, in accordance with the American Health Lawyers Association Alternative Dispute Resolution Services Rules of Procedures for Arbitration and applying the laws of the State. Any award rendered by the arbitrator shall be final and binding upon each of the parties, and judgment thereon may be entered in any court having jurisdiction thereof. The costs shall be borne equally by both parties. During the pendency of any such arbitration and until final judgment thereon has been entered, this Agreement shall remain in full force and

---

[2]All parties were later dismissed except for Hamblen County and EMS.

effect unless otherwise terminated as provided hereunder. The provision of this Paragraph shall survive expiration or other termination of this Agreement regardless of cause of such termination.

Plaintiffs and Hamblen County opposed the motion to stay, arguing that the claims set forth in the complaint fall under the category of a "Consumer Case" as defined by the American Health Lawyers Association Alternative Dispute Resolution Services Rules of Procedure for Arbitration ("AHLA"). They claim that in consumer cases, the AHLA requires the use of a separate document conspicuously identified as an agreement to arbitrate with the following notice or a notice with substantially similar language:

> **Voluntary Agreement to Arbitrate**
> **THIS AGREEMENT GOVERNS IMPORTANT LEGAL RIGHTS. PLEASE READ IT CAREFULLY BEFORE SIGNING.**
>
> **This is a voluntary agreement to resolve any dispute that may arise in the future between the parties under the American Health Lawyers Association's Rules of Procedure for Arbitration. In arbitration, a neutral third party chosen by the parties issues a final, binding decision. When parties agree to arbitrate, they waive their right to a trial by jury and the possibility of an appeal.**

Plaintiffs and Hamblen County claimed that the arbitration provision was invalid because it did not contain the required notice. The trial court agreed and denied the motion to stay and to compel arbitration. This timely appeal followed.

## II.    ISSUES

We consolidate and restate the issues on appeal as follows:

A.    Whether the arbitrator, rather than the trial court, held the authority to determine whether the claim is subject to arbitration.

B.    Whether the trial court erred in denying the motion to stay the proceedings and to compel arbitration.

## III.    STANDARD OF REVIEW

When ruling on the appeal of a denial of a motion to compel arbitration, we must follow the standard of review that applies to bench trials. *Spann v. American Express Travel Related Servs. Co.*, 224 S.W.3d 698, 706-07 (Tenn. Ct. App. 2006). Under that

standard, review of the trial court's findings of fact are "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). Questions of law are reviewed de novo without a presumption of correctness. *Johnson v. Johnson*, 37 S.W.3d 892, 894 (Tenn. 2001).

## IV. DISCUSSION

### A.

EMS argues that the AHLA provides the arbitrator with the authority to decide whether issues are subject to arbitration pursuant to the following provision:

> POWERS AND DUTIES. An arbitrator has the power to: (1) determine his or her powers and duties under an arbitration clause; [and] (2) interpret the Rules to the extent that they relate to his or her powers or duties[.]

EMS claims that the court should have allowed the arbitrator to determine whether the claim is subject to arbitration.

While the AHLA bestows authority upon the arbitrator to determine whether an issue is not subject to arbitration, neither the AHLA nor the service agreement at issue provides the arbitrator with the *sole* authority to determine such issues. "Generally, whether a valid agreement to arbitrate exists between the parties is to be determined by the courts." *Taylor v. Butler*, 142 S.W.3d 277, 283-84 (Tenn. 2004) (citations omitted); *see also Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003) (citations omitted) (providing that in the absence of "clear and unmistakable evidence" to the contrary, the trial court assumes the responsibility to determine whether an arbitration agreement is valid). Accordingly, we conclude that the court did not err in refusing to submit the issue of whether the arbitration provision was valid to the arbitrator.

### B.

EMS provides that the preference for arbitration in accordance with public policy is compelling here as evidenced by the numerous claims filed of which EMS holds no knowledge. EMS further argues that Plaintiffs are bound by the arbitration provision as third-party beneficiaries to the contract. Plaintiffs and Hamblen County respond that the court did not err in classifying the claim as a consumer claim, thereby rendering the arbitration provision unenforceable for failure to include proper notice. Hamblen County further responds that compelling arbitration could produce inconsistent results.

The AHLA provides, in pertinent part, as follows:

"Health Care Entity" includes any provider of health care services, including individuals; any health care or other benefit plan; and any manufacturer, distributor, supplier, or seller of a medical product, including, but not limited to, drugs, devices and/or equipment.

"Consumer" means a current or former patient, resident, or subscriber of a Health Care Entity; a beneficiary of a health plan; the user of a medical product, including, but not limited to, drugs, devices [and/or] equipment; the personal representative of a current or former patient, resident, subscriber, beneficiary, or product user; or any parent spouse, child, executor, administrator, heir, or survivor entitled to bring a survival or wrongful death claim on behalf of a former patient, resident, subscriber, beneficiary, or product user.

"Consumer Case" means a dispute between a Health Care Entity and a Consumer concerning: (a) the delivery of care or treatment by the Health Care Entity; (b) the use of a medical product including, but not limited to, drugs and equipment, and/or (c) payment for such care, treatment, or product.

These definitions shall be construed liberally with any doubts as to whether a case is a Consumer Case to be resolved in favor of providing the protections contained in these rules to the Consumer.

Using the most liberal construction of the definitions provided by the AHLA, we simply cannot agree with the trial court's classification of the claim at issue as a consumer claim when Plaintiffs filed suit pursuant to a contract between the County and EMS for the *failure* to provide services as promised in the service agreement.

Accordingly, Plaintiffs' claim is dependent upon Decedent's status as a third-party beneficiary to the service agreement. The service agreement explicitly provides that "[a]ny dispute or controversy arising under, out of or in connection with, or in relation to this Agreement, or any amendment hereof, or the breach hereof shall be determined and settled by arbitration." As third-party beneficiaries, Plaintiffs are bound by the arbitration provision contained in the service agreement between the County and EMS. *See generally Benton v. The Vanderbilt Univ.*, 137 S.W.3d 614, 620 (Tenn. 2004) (holding that a third-party beneficiary to a contract cannot enforce favorable terms in a contract while simultaneously avoiding unfavorable ones, e.g., an arbitration provision). We acknowledge that the enforcement of the arbitration provision will result in bifurcated

proceedings and possibly yield an inconsistent result. This argument is of no avail when the proceedings at issue involve separate claims. *Diggs v. Lingo*, No. W2014-00525-COA-R3-CV, 2014 WL 7431466, at \*4 (Tenn. Ct. App. Dec. 30, 2014 (upholding the denial of a motion to compel arbitration "where a single claim must be resolved as to two defendants, only one of which is subject to arbitration"). Additionally, the United States Supreme Court has held that agreements to arbitrate are valid "even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). *See also Chapman v. H & R Block Mortg. Corp.*, No. E2005-00083-COA-R3-CV, 2005 WL 3159774, at \*9 (Tenn. Ct. App. Nov. 28, 2005) (citing *Byrd* for the same holding);

## V.     CONCLUSION

The order of the trial court denying the motion to stay and to compel arbitration is reversed. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed one-half to the appellee, Hamblen County, and one-half to the appellees, Billy Coffey, Melissa Coffey, and Melinda Coffey.

_____
JOHN W. McCLARTY, JUDGE